## A99A0952. PETERS v. THE STATE.
(516 SE2d 331)

MCMURRAY, Presiding Judge.

On July 1, 1998, defendant Carlos Peters was convicted of violating the Georgia Controlled Substances Act. Defendant Peters filed a motion for new trial 34 days later on August 4, 1998, which was beyond the 30-day requirement set by OCGA § 5-5-40. On October 23, 1998, defendant filed an amended motion for new trial. The trial court denied defendant's new trial motion on November 25, 1998, and defendant Peters filed a notice of appeal on December 22, 1998. *Held*:

Since no election to first file a timely direct appeal was employed, the 30-day time requirement set by OCGA § 5-5-40 within which a motion for new trial must be filed is jurisdictional and the failure to comply with it mandates dismissal of an appeal. *Watson v. State*, 202 Ga. App. 667 (415 SE2d 306). In the case sub judice, defendant Peters'

> purported motion for new trial was not filed within 30 days as required by the Appellate Practice Act (Ga. L. 1965, pp. 18, 30; Code Ann. § 70-301[, now OCGA § 5-5-40 (a)]), was thus void and of no effect, and therefore did not toll the time for filing the notice of appeal under the Appellate Practice Act (Ga. L. 1965, pp. 18, 21; Code Ann. § 6-803[, now OCGA § 5-6-38 (a)]).

*Johnson v. State*, 227 Ga. 219 (180 SE2d 94). The appeal in the case sub judice must, therefore, be dismissed.

In accordance with *Rowland v. State*, 264 Ga. 872 (452 SE2d 756), defendant Peters is hereby informed of the following: Your appeal has been dismissed because of a failure to file a motion for new trial timely. If you decide that you no longer wish to appeal your conviction, you need not do anything more. However, if you still want to appeal, you may file a request for an out-of-time appeal in the trial court.

If, upon defendant Peters' application for out-of-time appeal, it be established to the trial court's satisfaction that the appellate procedural deficiency was due to appellate counsel's failure to perform routine duties, defendant Peters is entitled to an out-of-time appeal. The trial court should appoint another attorney for you if you cannot pay for one. If the trial court grants an out-of-time appeal, you will have 30 days from the grant in which to file a notice of appeal. If the trial court denies your request for an out-of-time appeal, you may appeal that denial to this Court within 30 days of the trial court's decision.

The Clerk of the Court of Appeals of Georgia is directed to send a

copy of this opinion to defendant Peters, as well as to defendant Peters' current appellate counsel with direction that appellate counsel also send a copy of the opinion to defendant Peters. *Zachery v. State*, 233 Ga. App. 519, 522 (504 SE2d 466).

*Appeal dismissed. Andrews and Ruffin, JJ., concur.*

DECIDED APRIL 12, 1999.

*Cynthia A. Price*, for appellant.
*J. Tom Morgan*, District Attorney, *Thomas S. Clegg, Maria Murcier-Ashley*, Assistant District Attorneys, for appellee.

