S03A0554. RUSH v. THE STATE.
(579 SE2d 726)

HUNSTEIN, Justice.

Appellant Robert Rush was indicted on charges of malice murder, felony murder, armed robbery, possession of a firearm by a convicted felon, and false imprisonment in connection with a series of crimes committed in March and April of 1996. The jury and the judge convicted Rush of all charges. Prior to sentencing, Rush negotiated an agreement with the State whereby he waived his right to appeal beyond a motion for new trial in exchange for the State's promise not to pursue imposition of the death penalty. Rush was sentenced to life imprisonment without parole. Despite his agreement with the State, Rush appeals from the denial of his motion for new trial contending that his trial counsel was ineffective.[1]

The State has filed a motion to dismiss this appeal, arguing that Rush knowingly and voluntarily waived his statutory right to appeal the judgment of conviction. We agree. An accused may validly waive any right, provided that there is no constitutional, statutory, or pub-

---

[1] A DeKalb County grand jury indicted Rush in May 1996 for multiple counts of malice murder, felony murder, armed robbery, aggravated assault, false imprisonment, and possession of a firearm by a convicted felon. He was tried July 8-16, 1999 and found guilty by a jury of malice murder, felony murder, armed robbery, and false imprisonment. By stipulation, the trial court found him guilty of the remaining charges. On July 17, 1999, Rush entered into an agreement with the State waiving his right to appeal beyond a motion for new trial, in exchange for the State's pledge not to seek the death penalty at sentencing. Rush was ultimately sentenced to life imprisonment without parole and two life sentences to run consecutively. A motion for new trial was filed on July 28, 1999, heard on October 6, 2000 and June 7, 2002, and denied on all grounds on June 19, 2002. Rush filed a notice of appeal on July 19, 2002, and the State filed a motion to dismiss the appeal on January 3, 2003. The appeal was docketed in this Court on December 20, 2002.

lic policy bar to such waiver. *Schick v. United States*, 195 U. S. 65, 72 (24 SC 826, 49 LE 99) (1904). Georgia allows a defendant to enter into a negotiated agreement to forego the right to seek post-conviction relief as a means to serve the interests of the State and the defendant in achieving finality. *Thomas v. State*, 260 Ga. 262, 264 (392 SE2d 520) (1990). In particular, this Court has held that a criminal defendant may waive his statutory right to appeal a conviction in exchange for the State's agreement not to seek the death penalty at sentencing, so long as the waiver is voluntary, knowing, and intelligent. Id. See also *Allen v. Thomas,* 265 Ga. 518 (458 SE2d 107) (1995).

The fact that a waiver of the right to appeal is voluntary, knowing, and intelligent may be shown in two ways. First, a signed waiver may indicate that the defendant understands the right he is waiving. Second, and more important, detailed questioning of the defendant by the trial court that reveals that he was informed of his right to appeal and that he voluntarily waived that right is sufficient to show the existence of a valid, enforceable waiver. *Thomas*, supra, 260 Ga. at 262. Here, the agreement Rush entered into with the State provided that if Rush agreed not to seek post-conviction relief beyond a motion for new trial the State would not pursue the death penalty. Rush's signed waiver illustrated that he understood the right he was waiving. Further, he testified before the trial court that he fully understood the waiver he had signed and that he had signed the waiver voluntarily and after consultation with his family and his attorneys. A review of the record shows that Rush indeed voluntarily, knowingly, and intelligently chose to enter into the non-appeal agreement after he was fully informed of his rights to an appeal. Having received the benefit of the agreement, Rush cannot now ignore its terms and seek relief via an appeal to this Court.

*Appeal dismissed. All the Justices concur.*

DECIDED APRIL 29, 2003.

*Xavier C. Dicks*, for appellant.

*J. Tom Morgan, District Attorney, Barbara B. Conroy, Thomas S. Clegg, Rosemary Brewer, Assistant District Attorneys, Thurbert E. Baker, Attorney General, Jennifer S. Gill, Assistant Attorney General,* for appellee.