S03A0728. WICKS v. THE STATE.
(587 SE2d 21)

BENHAM, Justice.

Marika Wicks appeals from his convictions for malice murder, armed robbery, aggravated assault, hijacking a motor vehicle, and possession of a firearm during commission of a felony.[1]

This Court has a duty to consider the question of its jurisdiction in any case in which doubt arises concerning the existence of such jurisdiction. *Rowland v. State*, 264 Ga. 872 (1) (452 SE2d 756) (1995). In the present case, the Attorney General has suggested that this Court is without jurisdiction to consider the appeal because the notice of appeal was not timely filed. A review of the record compels us to agree.

Although the notice of appeal in this case was filed within 30 days of the denial of Wicks's motion for new trial, the motion for new trial was filed almost two years after sentence was imposed for the offenses involved here. That being so, the motion for new trial was void and did not toll the 30-day limit for filing a notice of appeal. *Porter v. State*, 271 Ga. 498-499 (521 SE2d 566) (1999). An absolute requirement to confer jurisdiction upon the appellate court is a properly and timely filed notice of appeal. *Rowland v. State*, supra, 264 Ga. 872. Because the time for filing the notice of appeal was not

---

[1] On September 3, 1999, the Fulton County grand jury returned a true bill of indictment charging Wicks and two others with malice murder, two counts of felony murder, armed robbery, aggravated assault, hijacking a motor vehicle, and possession of a firearm during the commission of a felony. Wicks's jury trial commenced on August 22, 2000, and the jury returned guilty verdicts on all counts on September 5, 2000. He was sentenced to life for malice murder, concurrent twenty-year sentences for armed robbery and aggravated assault, a twenty-year consecutive sentence for hijacking a motor vehicle, and a consecutive five-year term for possession of a firearm during the commission of a felony. The felony murder convictions were vacated by order of September 20, 2000. Wicks's motion for new trial, filed August 12, 2002, was denied on September 27, 2002. Notice of appeal was filed on October 17, 2002. The appeal was docketed in this Court on January 31, 2003, and submitted for decision on the briefs.

tolled by the void motion for new trial (*Porter*, supra), the notice of appeal filed two years after conviction and sentencing was not timely filed and does not invoke the jurisdiction of this Court. *Rowland*, supra. Since this Court cannot grant Wicks an out-of-time appeal (*Porter*, supra), the appeal must be dismissed.

If Wicks wishes to pursue appellate relief, he can seek an out-of-time appeal in the trial court. *Rowland*, supra. Following the procedure we established in *Rowland*, a copy of this opinion shall be sent to Wicks and a copy shall be sent to his appellate counsel with direction to send a copy to Wicks. If Wicks subsequently seeks and obtains permission from the trial court to pursue an out-of-time appeal, he then will have 30 days within which to file his notice of appeal to this Court to commence the appeal of his convictions. If the trial court denies an out-of-time appeal, Wicks will have 30 days to file a notice of appeal to this Court to commence an appeal of the denial of his motion for out-of-time appeal.

*Appeal dismissed. All the Justices concur.*

DECIDED SEPTEMBER 22, 2003.

*Calvin Lamar, Jr.*, for appellant.

*Paul L. Howard, Jr., District Attorney, Bettieanne C. Hart, Anna E. Green, Assistant District Attorneys, Thurbert E. Baker, Attorney General, Madonna M. Heinemeyer, Assistant Attorney General,* for appellee.