A08A1686. BRYAN v. THE STATE.
(674 SE2d 390)

BERNES, Judge.

A Chattooga County jury convicted Michael Lynn Bryan of three counts of possession of a firearm by a convicted felon in violation of OCGA § 16-11-131 (b). Bryan appeals the trial court's denial of his motion for new trial, contending that his trial counsel rendered ineffective assistance of counsel. Notwithstanding Bryan's contention, he waived his right to appeal this case pursuant to a negotiated agreement with the state. Consequently, we dismiss this appeal.

The record shows that Bryan was arrested, charged, tried, and convicted of three counts of possession of a firearm by a convicted felon ("the firearms convictions"). He was sentenced as a recidivist

to three consecutive five-year terms to serve without the possibility of parole, for a total of fifteen years imprisonment.[1]

After his trial and conviction on the firearms charges, Bryan faced prosecution on five drug cases that remained pending in the trial court. Bryan entered into a plea and sentencing agreement with the state to resolve the outstanding cases. In accordance with the agreement, Bryan entered a negotiated guilty plea to all of the pending cases and was sentenced as a recidivist to 30 years, 15 years to serve in confinement without the possibility of parole, to run concurrently with the sentence imposed for the firearms convictions.[2] As part of the agreement, Bryan also voluntarily entered a waiver of his right to appeal the firearms convictions.

Bryan nevertheless filed the instant appeal challenging the firearms convictions. The state argues that our consideration of Bryan's appeal is barred by the appeal waiver. We agree.

> Georgia allows a defendant to enter into a negotiated agreement to forego the right to seek post-conviction relief as a means to serve the interests of the [s]tate and the defendant in achieving finality. . . . [A] criminal defendant may waive his statutory right to appeal a conviction in exchange for the [s]tate's agreement [to recommend more favorable sentencing], so long as the waiver is voluntary, knowing, and intelligent. The fact that a waiver of the right to appeal is voluntary, knowing, and intelligent may be shown in two ways. First, a signed waiver may indicate that the defendant understands the right he is waiving. Second, and more important, detailed questioning of the defendant by the trial court that reveals that he was informed of his right to appeal and that he voluntarily waived that right is sufficient to show the existence of a valid, enforceable waiver. When there has been a proper showing, the defendant and the [s]tate are held to their bargain.

(Citations and punctuation omitted.) *Hooks v. State*, 284 Ga. 531, 533-534 (2) (668 SE2d 718) (2008). See also *Rush v. State*, 276 Ga. 541, 542 (579 SE2d 726) (2003); *Thomas v. State*, 260 Ga. 262 (392 SE2d 520) (1990). These principles apply to sentencing agreements, regardless of whether the death penalty is involved. See *Hooks*, 284 Ga. at 534 (2).

---

[1] See OCGA §§ 16-11-131 (b); 17-10-7 (c).

[2] The state submits that in the absence of the agreement, Bryan faced a maximum sentence of 105 years, without the possibility of parole, to run consecutively to the sentences under the firearms convictions. See OCGA §§ 16-13-30 (c), (d); 16-13-31 (h); 17-10-7 (c).

Bryan does not challenge the validity of the waiver of his appeal rights in this case; in fact, Bryan fails to make any mention of the negotiated waiver in his brief. Nonetheless, "[a] review of the record shows that [Bryan] indeed voluntarily, knowingly, and intelligently chose to enter into the non-appeal agreement after he was fully informed of his rights to an appeal." *Rush*, 276 Ga. at 542. Bryan's agreement with the state provided that if Bryan entered guilty pleas in the five drug cases pending against him and agreed to forego filing an appeal of his firearms convictions, the state would recommend a 30-year, 15 to serve, sentence in the felony drug cases that would be served concurrently with the sentence in the firearms convictions. Before accepting the pleas, the waiver, and the state's recommendation, the trial court questioned Bryan in detail about his understanding and acceptance of the agreement. Bryan had previously been informed of his appeal rights and was represented by two different attorneys who advised him on these matters. He responded affirmatively to the trial court's questions and expressed his desire to waive the right to an appeal in this case. "Having received the benefit of the agreement, Rush cannot now ignore its terms and seek relief via an appeal to this Court." *Rush*, 276 Ga. at 542. This appeal therefore must be dismissed.

*Appeal dismissed. Andrews, P. J., and Doyle, J., concur.*

DECIDED MARCH 2, 2009.

*Jennifer E. Hildebrand*, for appellant.

*Herbert E. Franklin, Jr., District Attorney, Michael J. Moeller, Assistant District Attorney*, for appellee.