## A09A2219. SURH v. THE STATE.
(693 SE2d 501)

DOYLE, Judge.

Taemin Surh appeals the denial of his motion in autrefois convict and plea of double jeopardy. We affirm, for reasons that follow.

In reviewing a trial court's ruling on a plea in bar, "where the evidence is uncontroverted and no question regarding the credibility of witnesses is presented, as here, we review de novo the trial court's application of the law to the undisputed facts."[1] Here, the undisputed evidence shows that on March 24, 2007, Surh was arrested and charged with misdemeanor possession of marijuana,[2] two counts of aggravated assault,[3] and two counts of aggravated assault upon a police officer.[4] On December 17, 2008, he entered a negotiated nolo contendere plea to the possession of marijuana charge, agreeing to serve 12 months on probation and to pay a $500 fine, plus assessments, to submit to random drug screens in the drug court, and to waive his Fourth Amendment rights pertaining to search and seizure.[5] Surh's plea was accepted by the chief magistrate of Glynn County, Judge Timothy L. Barton, who had been specially designated by a superior court judge of the Brunswick Judicial Circuit "to preside at the Glynn County Drug Court on . . . December 17, 2008, as a Judge of [that] [c]ourt pro hac vice."

On January 26, 2009, the chief judge of the Superior Court for the Brunswick Judicial Circuit entered an order "withdrawing"

---

failure to raise the issue in the trial court).

[1] (Punctuation omitted.) *State v. Jeffries*, 298 Ga. App. 141, 142 (679 SE2d 368) (2009).

[2] OCGA §§ 16-13-2 (b); 16-13-30 (j) (1).

[3] OCGA § 16-5-21 (a) (2).

[4] OCGA § 16-5-21 (c).

[5] The State "decline[d] to prosecute" the remaining charges and dismissed them, listing only the misdemeanor possession of marijuana charge in the accusation.

Surh's plea. The order stated:

> After a review of the [o]rder allowing Judge Barton to sit pro hac vice, it is clear that Judge Barton was presiding over Drug Court only, and that he was not permitted to consider other matters not in the normal course of a Drug Court session. Therefore, the plea entered by [Surh] is hereby withdrawn by court order, and the order of nolle prosequi entered on the additional charges of aggravated assault, two counts, and aggravated assault on a police officer, two counts, pursuant to this plea is declared null and void ab initio.

Surh subsequently filed a motion in autrefois convict and plea of former jeopardy, which the trial court denied in a detailed order, stating in relevant part:

> [T]he pro hac vice order that allowed Judge Barton to preside clearly requests his assistance with matters before the Glynn County Drug Court only. . . . Judge Barton only attends to Drug Court matters on the days he presides over Drug Court unless permission has been obtained from this Court for him to assist with other specific drug cases not within the purview of the Drug Court. In this case, neither the attorney representing [Surh] nor the State received prior permission from the Court for Judge Barton to take the non-Drug Court plea, and Judge Barton was not specifically asked to render assistance with the case at issue. . . .
>
> Soon after the entry of [Surh's plea before Judge Barton], this [c]ourt notified [Surh's] counsel that it would not sign the sentencing order in the case because prior permission had not been obtained from this [c]ourt for Judge Barton to hear the case, this [c]ourt did not request assistance from Judge Barton with the case, and this [c]ourt found the plea unacceptable and would have exercised its discretion to decline to take it. [Surh] was offered the opportunity to be re-sentenced or exercise his right to a jury trial. [Surh] stated he did not want to take either option and would not cho[o]se one or the other. As a result, this [c]ourt declared that the sentence was void, the plea was withdrawn, and returned the case to the active trial calendar. . . .
>
> Here, because the judgment and sentence pronounced by Judge Barton was void, no final judgment of conviction was entered upon [Surh's] plea of nolo contendere, no conviction within the meaning of OCGA § 16-1-3 (4) has

YALE LAW LIBRARY

occurred, and prosecution of [Surh's] case is not barred by a former prosecution. Therefore, Defendant's motion is without merit.

Surh appeals, arguing that because Judge Barton had "full authority" to accept his plea and sentence him, Surh's plea was valid, and his subsequent prosecution by the State was barred. While we agree with Surh that Judge Barton had the authority to accept his plea, we nevertheless affirm the trial court's denial of Surh's motion.

OCGA § 15-1-9.1 (b) (2) authorizes a superior court chief judge to make a written request for the temporary assistance of an additional judge or judges from other Georgia courts when necessary. Our Supreme Court has held that the designation of a magistrate to assist a requesting court "cloak[s] the magistrate with statutory and constitutional authority to exercise the judicial power of the superior court."[6] Here, there is no dispute that the Superior Court of Glynn County had the authority to accept Surh's plea. Instead, the trial court concluded that Barton had only been appointed to handle drug court matters. But the designation order simply stated that Barton was "designated to preside *at* the Glynn County Drug Court" on the relevant date.[7] The order did not limit his authority to "Drug Court matters." And although the record does not contain a copy of the court's calendar, the transcript of Surh's plea before Judge Barton indicates that his case appeared on the plea calendar for that date.[8] Additionally, the State offered no objection whatsoever to Judge Barton accepting Surh's plea and sentencing him. Under these circumstances, based on the record before us, Judge Barton was authorized to accept Surh's plea, and the trial court erred in concluding otherwise. Our analysis, however, does not end here.

Although Judge Barton verbally pronounced sentence upon Surh in accordance with the negotiated plea, the sentence was never reduced to writing. "An oral declaration as to what the sentence shall be is not the sentence of the court; the sentence signed by the judge is."[9] And oral pronouncements of sentence can be increased at any time during the term before execution of the sentence has begun.[10] Here, because there is no evidence that Surh had commenced serving the probation sentence announced by Judge Barton,

---

[6] (Punctuation omitted.) *Giles v. State*, 257 Ga. App. 65, 67 (1) (570 SE2d 375) (2002), citing *Massey v. State*, 265 Ga. 632, 634 (2) (458 SE2d 818) (1995), overruled on other grounds, *Lewis v. McDougal*, 276 Ga. 861, 862 (1) (583 SE2d 859) (2003).

[7] (Emphasis supplied.)

[8] The prosecutor specifically advised Judge Barton that Surh's case was "on the calendar . . . under pleas."

[9] *Curry v. State*, 248 Ga. 183, 185 (4) (281 SE2d 604) (1981).

[10] Id. See *Castillo v. State*, 178 Ga. App. 312, 314 (5) (342 SE2d 782) (1986).

the trial court was authorized to increase Surh's sentence within the same term.[11]

OCGA § 17-7-93 (b) provides that a defendant may withdraw a guilty plea "[a]t any time before judgment is pronounced." In *State v. Germany*,[12] our Supreme Court explained that the phrase "at any time before judgment is pronounced" means at any time before the trial court orally pronounces sentencing.[13] The Supreme Court further held, however, that if a trial court intends to reject a plea agreement reached by the State and a defendant, it must

> inform the defendant personally that (1) the trial court is not bound by any plea agreement, (2) the trial court intends to reject the plea agreement presently before it, (3) the disposition of the present case may be less favorable to the defendant than that contemplated by the plea agreement, and (4) *that the defendant may then withdraw his or her guilty plea as a matter of right.*[14]

This case presents a unique procedural posture. Judge Barton orally pronounced Surh's sentence, which was that agreed to by both Surh and the State during plea negotiations; Judge Barton did not, however, sign a written sentence. When the written sentence came before the superior court judge for her signature, she found the negotiated sentence unacceptable.[15] She then properly advised Surh that she intended to impose a harsher sentence and gave him the option of withdrawing his plea in lieu of resentencing. According to the judge's order, it was only when Surh refused to select either option that the trial court set aside his plea rather than impose a sentence that was harsher than the negotiated sentence. Under these circumstances, we find no reversible error and affirm.

As a final matter, we note that the superior court appears to have mischaracterized the State's actions with regard to the four assault charges. In her order, the chief judge of the Brunswick County Superior Court stated that "the order of nolle prosequi entered on the additional charges of aggravated assault, two counts, and aggravated assault on a police officer, two counts, pursuant to this plea is

---

[11] See *Curry*, 248 Ga. at 185 (4); *Edmondson v. State*, 285 Ga. App. 543, 545 (2) (647 SE2d 92) (2007).

[12] 246 Ga. 455, 456 (271 SE2d 851) (1980).

[13] See id. at 456 (1).

[14] (Emphasis supplied.) Id. See also Uniform Superior Court Rule 33.10.

[15] We note that although this case is unusual in that one judge pronounced oral sentence and a separate judge was going to sign the written sentence, our analysis would be the same even if it was a single judge who pronounced verbal sentence and later decided to reject the negotiated sentence.

declared null and void ab initio." But the record does not contain a nolle prosequi. Instead, the State elected to list only the marijuana charge in the accusation and specifically indicated that it "decline[d] to prosecute" the assault charges. And it is well settled that "[t]he decision of whether to prosecute and what charges to file are decisions that rest in the prosecutor's discretion."[16] Thus, the only charge pending against Surh in this case is the count alleging possession of marijuana.

*Judgment affirmed. Blackburn, P. J., and Adams, J., concur.*

DECIDED JANUARY 25, 2010 —
RECONSIDERATION DENIED APRIL 2, 2010 — ▮▮▮▮▮▮▮

*Robert L. Crowe*, for appellant.
*Stephen D. Kelley, District Attorney, Gregory C. Perry, David A. Peterson, Assistant District Attorneys*, for appellee.

---

[16] (Punctuation omitted.) *State v. Perry*, 261 Ga. App. 886, 887, n. 1 (583 SE2d 909) (2003).