## A11A1455. ROSEBOROUGH v. THE STATE.

(716 SE2d 530)

MIKELL, Judge.

Brandon Roseborough appeals from the trial court's order finding that his plea counsel rendered effective assistance. Roseborough pled guilty to child molestation, but now contends that his plea was not knowingly and voluntarily entered, he did not receive effective assistance of counsel, and the trial court erred in denying his motion to transfer his case to juvenile court.

On March 15, 2004, Roseborough, who was then 16 years and nine months old, was indicted by the Clay County Grand Jury for rape, aggravated child molestation, and child molestation. On February 7, 2005, represented by counsel, Roseborough pled guilty to the child molestation count and, by agreement with the district attorney, the other two counts were nolle prossed. There was no sentence recommendation or agreement and Roseborough was advised that sentencing was at the judge's discretion. On February 17, 2005, Roseborough filed a motion to transfer the case to juvenile court on the ground that the superior court no longer had jurisdiction or, alternatively, that the superior court should exercise its discretion to transfer the matter to juvenile court. Following a sentencing hearing and hearing on the motion to transfer on February 22, 2005, the superior court denied the motion to transfer and sentenced Roseborough on March 4, 2005, to 20 years, to serve 15. On March 21, 2005, plea counsel filed a notice of appeal. After the case was docketed in this court, new counsel was appointed, and he filed a motion to remand for an evidentiary hearing on whether plea counsel had rendered ineffective assistance. This court remanded the case for an evidentiary hearing on the issue of effective assistance of counsel and ordered that "[i]f . . . the trial court finds that Roseborough did ha[ve] effective assistance, Roseborough shall have 30 days in which *to appeal the trial court's ruling on that issue.*" (Emphasis supplied.)

On December 16, 2010, following a hearing on June 9, 2006, the trial court found that plea counsel rendered effective assistance of counsel.

1. We first consider the procedural posture of this case and the

scope of our review.

Roseborough filed no motion to withdraw his plea of guilty with the trial court during the term in which it was entered. While a timely notice of appeal was filed,[1] as set out above, the case was remanded to the trial court only for consideration of the issue of effective assistance of counsel.

Although appellate counsel filed a motion for new trial alleging ineffective assistance of counsel, as well as other grounds, during the hearing on June 9, 2006, the state objected to it, and the trial judge held that he was "here to hear only argument and evidence support-ing the claim of ineffective assistance of counsel."

> A motion for new trial can not be made upon a plea of guilty, for the reason (if for no other) that there is no verdict where there is a plea of guilty, and the only object of the motion for new trial is to set aside a verdict which has been rendered, so that upon another trial a different verdict may be obtained. The purpose of [a] motion for a new trial is to obtain another trial. Where a plea of guilty is filed the judgment does not rest upon the results of a trial, but upon the plea, which is nothing more than a confession in judicio. The verdict is the point of attack to which a motion for a new trial and everything it contains is directed. If there is no verdict a motion has no raison d'etre.[2]

In addition to being improper following the entry of a guilty plea, the motion for new trial was untimely, having been filed more than a year after entry of judgment,[3] and is therefore void and of no effect.[4]

2. In light of our holding in Division 1, pursuant to this court's order remanding the case for a hearing, we will address only Roseborough's second enumeration of error asserting ineffective assistance of counsel.

Even a defendant who waives his right to trial and enters a

---

[1] We note that
[a] criminal defendant has no unqualified right to file a direct appeal from a judgment of conviction and sentence entered on a guilty plea. An appeal will lie from a judgment entered on a guilty plea only if the issue on appeal can be resolved by facts appearing in the record.
(Citations and punctuation omitted.) *Barlow v. State*, 282 Ga. 232, 233 (647 SE2d 46) (2007).

[2] *Bearden v. State*, 13 Ga. App. 264, 265-266 (79 SE 79) (1913). Accord, e.g., *Wofford v. State*, 141 Ga. App. 207 (233 SE2d 53) (1977); *Welch v. State*, 63 Ga. App. 277, 279 (11 SE2d 42) (1940).

[3] OCGA § 5-5-40 (a); *Peters v. State*, 237 Ga. App. 625 (516 SE2d 331) (1999).

[4] *Peters*, supra.

guilty plea is entitled to effective legal assistance. In order to show a constitutional violation of this Sixth Amendment right, however, the defendant must make a two-prong showing. He must demonstrate that his counsel erred and also establish the reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial. With regard to the performance prong, the question is whether the attorney's advice falls within the range of competence of attorneys in criminal cases.[5]

Roseborough contends that his plea counsel rendered ineffective assistance by incorrectly agreeing with the trial court's statement during the plea hearing that the minimum sentence he faced was one year when, in fact, it was five years.[6]

Although Roseborough challenges the information he was provided regarding the minimum possible sentence, "a defendant's otherwise voluntary guilty plea is not invalidated merely because the range of punishment on the plea was never recited to him, when he makes no claim that he was disadvantaged by the omission or even that he was in fact unaware of the possible sentence which could be imposed."[7]

During the hearing on his ineffective assistance claim, Roseborough testified as follows:

A. Well, I heard 1 to 20. . . .

Q. What did the judge say?

THE COURT: The record would reflect that he said — apparently, the transcript said I said 1 to 20. . . .

Q. What did the Judge tell you it was?

A. At that time, I didn't remember what he told me. What the Judge told me on the paper, it said 1 to 20.

Q. On what paper?

A. On the background paper.

Q. On the background paper, that's after you got sentenced?

A. After I got sentenced.

---

[5] (Citations and punctuation omitted.) *Williams v. Duffy*, 270 Ga. 580, 581 (1) (513 SE2d 212) (1999).

[6] OCGA § 16-6-4 (b) (1) provides that "[e]xcept as provided in paragraph (2) of this subsection, a person convicted of a first offense of child molestation shall be punished by imprisonment for not less than five nor more than 20 years."

[7] *Hill v. Hopper*, 233 Ga. 633, 634 (212 SE2d 810) (1975).

Q. So at the time that you were entering your plea, whether it was 5 to 20 or 1 to 20, it didn't affect you one way or the other, did it?

A. Yes, it did affect me.

Q. How did it affect you?

A. Because 5 to 20, I wouldn't take nare [sic] one of them because of what I know on my case. So I know I wasn't guilty, know what I'm saying? So what, I'm going to take 5 years? 5 years for — (unintelligible) wanting to take that much.

Q. But you were wanting to take how much?

A. *I wasn't wanting to take nothing.*

Q. So the 5 or 1, neither one affected you?

A. (Unintelligible).

Q. But you did?

A. Because I was tricked into it.

Q. How?

A. By the lawyer. I don't know anything about the law or anything. I had to go by what he tell me.

Q. Okay. *But as far as whether it was 1 to 20 or 5 to 20, that didn't matter because you didn't want none of it; right?*

A. *No, I didn't want none of it.*

(Emphasis supplied.)

Although plea counsel acknowledged that he had affirmed the trial court's incorrect statement of the minimum possible sentence during the plea hearing, he also testified that it was his normal practice, before a plea hearing, to go over the range of the sentence possibilities with his clients.

Pretermitting the issue of whether Roseborough has established the performance prong of ineffective assistance by plea counsel, we find, based on his own testimony, that Roseborough has not established the reasonable possibility that, but for his counsel's errors, he would have proceeded to trial rather than enter a guilty plea.[8]

*Judgment affirmed. Smith, P. J., and Dillard, J., concur.*

DECIDED AUGUST 19, 2011.

*Robert R. McLendon IV*, for appellant.

---

[8] Cf. id.; *Hubbard v. State*, 301 Ga. App. 388, 390 (687 SE2d 589) (2009).

*T. Craig Earnest, District Attorney, Mark C. Post, Assistant District Attorney*, for appellee.