# Court of Appeals
# of the State of Georgia

ATLANTA,＿＿August 15, 2013＿＿＿

*The Court of Appeals hereby passes the following order:*

**A13A2212. DANNY J. JONES v. THE STATE.**

In 2010, Danny Jones pled guilty to three counts of felony sale of cocaine. The trial court clerk has indicated that Jones did not file a motion for new trial following his final disposition on July 16, 2010. However, on April 25, 2013, Jones filed a pro se "Amended Motion for New Trial." This direct appeal followed, but we lack jurisdiction.

Although the filing of a motion for new trial generally extends the deadline for filing a notice of appeal, an untimely motion for new trial is void and does not extend the time for filing an appeal. See *Wicks v. State*, 277 Ga. 121 (587 SE2d 21) (2003). To be timely, a motion for new trial must "be made within 30 days of the entry of the judgment on the verdict."[1] OCGA § 5-5-40 (a). The proper and timely filing of the notice of appeal is an absolute requirement to confer appellate jurisdiction upon this Court. *Rowland v. State*, 264 Ga. 872 (452 SE2d 756) (1995). Here, judgment was entered in 2010, but Jones did not file a motion for new trial until nearly three years later. Thus, the motion for new trial was untimely and did not extend the time for filing the notice of appeal. Under these circumstances, the appeal is subject to dismissal. See *Peters v. State*, 237 Ga. App. 625 (516 SE2d 331) (1999).

Moreover, "[o]ne who has entered a plea of guilty cannot move for a new trial,

---

[1] A defendant may obtain permission from the trial court to file an out-of-time motion for new trial, the denial of which may be appealed directly. See *Washington v. State*, 276 Ga. 655, 656 (581 SE2d 518) (2003). Here, however, the record does not show that Jones sought permission to file an out-of-time motion.

as there was no trial." *Wright v. State*, 277 Ga. 810, 811 (596 SE2d 587) (2004). Even if we could construe Jones's motion as an extraordinary motion for new trial, the appeal would nonetheless be subject to dismissal. See OCGA § 5-5-41 (b); *Balkcom v. State*, 227 Ga. App. 327 (489 SE2d 129) (1997). An appeal from the denial of an extraordinary motion for new trial requires compliance with the discretionary appeal procedure. See OCGA § 5-6-35 (a) (7); *Balkcom*, supra.

Accordingly, we lack jurisdiction to consider Jones's appeal, which is hereby DISMISSED.



*Court of Appeals of the State of Georgia*
*Clerk's Office, Atlanta,* 08/15/2013
*I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*
*Witness my signature and the seal of said court hereto affixed the day and year last above written.*

 *, Clerk.*