**SECOND DIVISION
ANDREWS, P. J.,
MILLER and BRANCH, JJ.**

**NOTICE: Motions for reconsideration must be
*physically received* in our clerk's office within ten
days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules/**

**June 11, 2015**

# In the Court of Appeals of Georgia

A15A0722. ARRINGTON v. THE STATE.

MILLER, Judge.

Cedric Arrington, who pled guilty to armed robbery (OCGA § 16-8-41 (a)), appeals pro se from the trial court's order denying his motion for an out-of-time appeal. As best as we can discern,[1] Arrington contends that he did not knowingly and

---

[1] As a threshold matter, we note that Arrington's brief is deficient because it does not contain "a succinct and accurate statement of the proceedings below and the material facts relevant to the appeal." See Court of Appeals Rule 25 (a) (1). Additionally, although Arrington lists six enumerations of error, he has failed to follow the order of the enumeration of errors, and his argument does not even address each enumeration of error. See Court of Appeals Rule 25 (c) (1). Arrington's decision to proceed with his appeal pro se does not excuse him from compliance with the substantive and procedural requirements of the law. See *Salazar v. State,* 256 Ga. App. 50, 53 (4) (567 SE2d 706) (2002). While we will nonetheless review Arrington's claims of error to the extent we can perceive them, he will not be granted relief should we err in deciphering his non-conforming brief. See *Orange v. State*, 319 Ga. App. 516, 517 (1) (736 SE2d 477) (2013).

voluntarily plead guilty because neither the trial court nor trial counsel informed him of his constitutional rights, and trial counsel was ineffective for failing to advise him of his right to file a direct appeal. For the reasons that follow, we affirm.

We review a trial court's denial of a motion for an out-of-time direct appeal for an abuse of discretion. *Belcher v. State*, 304 Ga. App. 645, 646 (1) (697 SE2d 300) (2010).

The record shows that Arrington was indicted on a single count of armed robbery. Thereafter, the State filed a "Notice of Intent to Present Matters in Aggravation of Sentencing," in which the State announced that if Arrington were convicted, it would introduce his prior felony convictions that would require him to serve the maximum sentence for armed robbery.

On January 22, 2009, Arrington entered into a negotiated plea, under which he pled guilty to armed robbery. As part of his plea agreement, Arrington executed a waiver of his post-conviction rights, indicating that in exchange for the State's agreement not to pursue enhanced penalties, Arrington agreed to never challenge his guilty plea after the sentence was entered or apply for a direct or an out-of-time appeal from his conviction and sentence. Although the waiver form provided that Arrington could raise a claim that counsel was ineffective, he indicated on the waiver

2

form that he had been fully advised of his rights and that he was satisfied with his counsel's representation.

At the guilty plea hearing on January 22, 2009, Arrington confirmed that he had reviewed and signed the waiver of rights form, he was satisfied with trial counsel's representation, and no one had pressured or coerced him into pleading guilty. At the end of the hearing, the trial court accepted Arrington's guilty plea and sentenced him to 18 years.

On February 2, 2009, Arrington filed a motion to withdraw his guilty plea, asserting that he was pressured by trial counsel into pleading guilty based on trial counsel's advisement that the trial court would find him guilty and sentence him to life without parole. On February 10, 2009, the trial court denied Arrington's motion to withdraw his plea, finding that his motion was filed after his sentence was orally pronounced and that, as part of his negotiated plea, Arrington had agreed not to file a motion to withdraw his guilty plea after sentencing. The trial court thereafter entered its written judgment and sentence.

In November 2009, the trial court denied Arrington's first motion for an out-of-time appeal. This order was not appealed. Almost four years later, Arrington filed his second motion for an out-of-time appeal, which the trial court denied. Arrington filed

3

an untimely notice of appeal, which this Court dismissed. Arrington subsequently filed his third and fourth motions for an out-of-time appeal, which were both denied by the trial court. This appeal comes from the denial of Arrington's fourth motion.

On appeal, Arrington's only discernable argument is that his motion for an out-of-time appeal is not barred by his waiver of post-conviction rights because trial counsel failed to advise him of his right to appeal and the waiver of rights form did not otherwise inform him of the rights he was waiving by pleading guilty. We disagree.

At any time before the trial court orally pronounces sentencing, a defendant may withdraw his guilty plea. See *Surh v. State*, 303 Ga. App. 380, 383 (693 SE2d 501) (2010). Once the judgment of conviction and sentence is entered on a guilty plea, however, a defendant has the right to appeal

> only if the issue on appeal can be resolved by facts appearing in the record. The ability to decide the appeal based on the existing record thus becomes the deciding factor in determining the availability of an out-of-time appeal when the defendant has pled guilty.

(Citations and punctuation omitted.) *Brown v. State*, 290 Ga. 321 (1) (720 SE2d 617) (2012).

Moreover, it is well-established that a defendant can waive his right to seek post-conviction relief as part of a negotiated plea agreement, so long as the waiver is voluntary, knowing, and intelligent. See *Rush v. State*, 276 Ga. 541, 542 (579 SE2d 726) (2003); *Bryan v. State*, 296 Ga. App. 341, 342 (674 SE2d 390) (2009). The fact that a waiver of the right to appeal is voluntary, knowing, and intelligent may be shown either by (1) a signed waiver form indicating that the defendant understood the rights he was waiving or (2) detailed questioning of the defendant by the trial court revealing that the defendant was informed of and agreed to waive his rights. See *Bryan*, supra, 296 Ga. App. at 342. When the record shows that the defendant understood the rights he was waiving, he will be held to his bargain. See *id.*

Here, in connection with his negotiated guilty plea, Arrington completed a form acknowledging and waiving his trial rights. Arrington also signed the post-conviction waiver form, indicating that he had discussed his case with trial counsel; he agreed not to file a motion to withdraw his guilty plea after the sentence was entered; and he waived post-conviction relief. Arrington testified at the guilty plea hearing that he understood the rights he was waiving by pleading guilty, and that he had reviewed the post-conviction waiver form with his trial counsel. A review of the record therefore shows that Arrington voluntarily, knowingly, and intelligently chose to challenge his

5

conviction after he was fully informed of his trial rights and his right to an appeal. "Having received the benefit of the [plea] agreement, [Arrington] cannot now ignore its terms and seek relief via an appeal to this Court." *Rush*, supra, 276 Ga. at 542.

Moreover, although the waiver did not prohibit Arrington from filing a claim that trial counsel rendered ineffective assistance, his claim on appeal that trial counsel did not advise him of his right to appeal is without merit because he testified at the guilty plea hearing that he had reviewed his rights with his attorney and was satisfied with counsel's representation. Where, as here, an examination of the record reveals no merit to the claimed errors, the trial court does not err in denying a request for an out-of-time appeal. *Adams v. State*, 285 Ga. 744 (1) (683 SE2d 586) (2009). Accordingly, we affirm.

*Judgment affirmed. Andrews, P. J., and Branch, J., concur*.