**THIRD DIVISION**
**MILLER, P. J.,**
**MCFADDEN and MCMILLIAN, JJ.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules

**April 5, 2016**

# In the Court of Appeals of Georgia

A16A0758. HILL-BLOUNT v. THE STATE.

MCFADDEN, Judge.

A jury found Corey Hill-Blount guilty of armed robbery and possession of a firearm during the commission of a crime, and the trial court entered his judgment of conviction on July 28, 2008. Thirty-seven days later, on September 3, 2008, Hill-Blount filed a motion for a new trial, which the trial court denied on February 3, 2015. Hill-Blount filed a notice of appeal on February 6, 2015. Because the motion for new trial was untimely, we lack jurisdiction and, accordingly, must dismiss the appeal.

1. *Years-long delay in transmission of the record.*

As an initial matter, we note that Hill-Blount's motion for a new trial was denied six years and five months after it was filed. The record contains no

explanation for this delay. As discussed in Division 2, infra, Hill-Blount may be entitled to pursue an out-of-time appeal. Resolution of that issue will delay any possible consideration of the merits of this case by this court for approximately another year. We therefore again remind the bench and bar that

> this type of post-conviction, pre-appeal delay puts at risk the rights of defendants and crime victims and the validity of convictions obtained after a full trial. It is the duty of all those involved in the criminal justice system, including trial courts and prosecutors as well as defense counsel and defendants, to ensure that the appropriate post-conviction motions are filed, litigated, and decided without unnecessary delay. That duty unfortunately was not fulfilled in this case.

*Robinson v. State*, 334 Ga. App. 646, 647 (1) (780 SE2d 86) (2015) (punctuation omitted); see also *Shank v. State*, 290 Ga. 844, 849 (5) (c) (725 SE2d 246) (2012); *Morgan v. State*, 290 Ga. 788, 788-789, nn. 1 & 2 (725 SE2d 255) (2012); *Hill v. State*, 290 Ga. 493, 493, n. * (722 SE2d 708) (2012); *Murphy v. State*, 290 Ga. 459, 459, nn. 1 & 2 (722 SE2d 51) (2012); *Waye v. State*, 326 Ga. App. 202, 202-203 (1) (756 SE2d 287) (2014).

2. *Appellate jurisdiction.*

The proper and timely filing of the notice of appeal is an absolute requirement to confer appellate jurisdiction upon this court. *Rowland v. State*, 264 Ga. 872, 872

(1) (452 SE2d 756) (1995). A notice of appeal must be filed within 30 days of the entry of an appealable judgment. OCGA § 5-6-38 (a). Although the filing of a motion for a new trial generally extends the deadline for filing a notice of appeal, see OCGA § 5-6-38 (a), an untimely motion for a new trial is void and does not extend the time for filing an appeal, *Wicks v. State*, 277 Ga. 121, 121-122 (587 SE2d 21) (2003). To be timely, a motion for a new trial must be made "within 30 days of the entry of the judgment on the verdict." OCGA § 5-5-40 (a). A defendant may obtain permission from the trial court to file an out-of-time motion for a new trial, the denial of which may be appealed directly. See *Washington v. State*, 276 Ga. 655, 656 (1) (581 SE2d 518) (2003). Here, however, the record does not show that Hill-Blount sought permission to file an out-of-time motion.

Because Hill-Blount's motion for a new trial was filed 37 days after entry of his judgment of conviction, was untimely and did not extend the time for filing the notice of appeal. See *Wicks*, supra at 121-122. Under these circumstances, Hill-Blount's appeal is untimely and therefore must be dismissed for lack of jurisdiction. See *Peters v. State*, 237 Ga. App. 625, 625 (516 SE2d 331) (1999).

3. *Notice to appellant of his right to petition for leave to file an out-of time appeal.*

Because Hill-Blount is represented by counsel, he is informed of the following in accordance with *Rowland v. State*, supra at 875-876: This appeal has been dismissed because you failed to file a timely notice of appeal from your judgment of conviction. If you still wish to appeal, you may petition the trial court for leave to file an out-of-time appeal. If the trial court grants your request, you will have 30 days from the entry of that order to file a notice of appeal referencing your conviction. If the trial court denies your request, you will have 30 days from the entry of that order to file a notice of appeal referencing the denial of your request for an out-of-time appeal.

The Clerk of Court is directed to send a copy of this order to Hill-Blount and to his attorney, and the latter also is directed to send a copy to Hill-Blount.

*Appeal dismissed. Miller, P. J., and McMillian, J., concur.*