**December 20, 2016**

# In the Court of Appeals of Georgia

A16A1726. SURRY v. THE STATE.

PER CURIAM.

Robert Latron Surry filed a pro se appeal from the trial court's order denying his motion for out-of-time appeal. For the reasons that follow, we affirm.

In January 2009, Surry pled guilty to theft by receiving, fleeing and attempting to elude a police officer, and possession of cocaine.[1] As part of his negotiated plea, Surry waived his rights to seek a sentence modification and to appeal his conviction. He also initialed and signed a detailed form acknowledging the same. In its order accepting the guilty plea, the trial court stated that it had reviewed the form, questioned Surry about its contents, and concluded that Surry was freely and voluntarily entering his plea.

---

[1] Four additional counts were nolle prossed.

Shortly after entering his plea, Surry filed a motion to withdraw the plea on the ground that it was not made freely and voluntarily. Following a hearing, the trial court denied the motion and Surry did not appeal from that order.

In September 2010, Surry filed a pro se motion for out-of-time appeal. Surry's sole argument was that his appointed counsel was negligent in failing to either file a timely notice of appeal or to inform him of the trial court's ruling. The trial court denied the motion, and this appeal followed.[2]

On appeal, Surry raises numerous arguments that he did not raise before the trial court, and he asserts that appointed counsel was constitutionally deficient for failure to file an appeal.

"We review a trial court's denial of a motion for an out-of-time direct appeal for an abuse of discretion." (Citation omitted.) *Arrington v. State*, 332 Ga. App. 481 (773 SE2d 430) (2015).

---

[2] We note that Surry filed his notice of appeal on October 15, 2010, but the appeal was not transmitted until April 2016. This type of delay "puts at risk the rights of defendants . . . . It is the duty of all those involved in the criminal justice system, including trial courts and prosecutors as well as defense counsel and defendants, to ensure that the appropriate post-conviction motions are filed, litigated, and decided without unnecessary delay." See *Hill-Blount v. State*, 336 Ga. App. 633, 634 (1) (785 SE2d 309) (2016) (punctuation omitted).

When a conviction is entered based on a plea of guilty, a direct appeal is available only if the issue on appeal can be resolved by reference to facts on the record. Thus, if the issues that the defendant seeks to appeal cannot be resolved from the record, he had no right to file a direct appeal, and therefore he [has] no right to file an out-of-time appeal. If the issues a defendant wishes to raise in an out-of-time appeal can be resolved *against* him on the face of the record, so that even a timely appeal would have been unsuccessful, then plea counsel's failure to advise the defendant to file such an appeal was not professionally deficient, nor did any prejudice result.

(Citations, punctuation, and emphasis omitted.) *Rhodes v. State*, 296 Ga. 418, 420 (2) (768 SE2d 445) (2015). Surry bears the burden of showing that he is entitled to an out-of-time appeal. *Moore v. State*, 285 Ga. 855, 856 (1) (684 SE2d 605) (2009).

A review of the limited record in this case shows that Surry is not entitled to file an out-of-time appeal. First, the only argument Surry raised in his motion in the trial court was that counsel was negligent by failing to file a direct appeal from the denial of his motion to withdraw his plea. On appeal, he raises various arguments challenging his underlying conviction and sentence. We will not consider arguments that were not presented to the trial court and that are raised for the first time on appeal. See *Hammond v. Paul*, 249 Ga. 241 (1) (290 SE2d 54) (1982). Moreover, the

3

waiver-of-appeal provision in Surry's negotiated plea bars his claims.[3] See *Bryan v. State*, 296 Ga. App. 341, 342-343 (674 SE2d 390) (2009).

> [I]t is well established that a defendant can waive his right to seek post conviction relief as part of a negotiated plea agreement, so long as the waiver is voluntary, knowing, and intelligent. The fact that a waiver of the right to appeal is voluntary, knowing, and intelligent may be shown either by (1) a signed waiver form indicating that the defendant understood the rights he was waiving or (2) detailed questioning of the defendant by the trial court revealing that the defendant was informed of and agreed to waive his rights. When the record shows that the defendant understood the rights he was waiving, he will be held to his bargain.

(Citations omitted.) *Arrington*, supra, 332 Ga. App. at 483. Here, the record includes a signed waiver form establishing that Surry knowingly and voluntarily waived his right to appeal. Accordingly, Surry has not shown a right to an out-of-time appeal with respect to these claims.

---

[3] To the extent that Surry argues double jeopardy violations arising out of sentencing in both state and superior court, the record does not support his argument. Surry pled guilty in superior court to three felonies and the state nolle prossed the remaining misdemeanor charges. Nothing in the record shows any other sentencing related to these crimes.

As to any claim regarding the validity of his plea – and, by extension, the validity of the waiver provision – the record includes a detailed rights form showing that Surry was advised of his rights and voluntarily waived them. Although the record does not include a transcript from the plea colloquy or the motion to withdraw the plea, the record before us establishes that Surry was advised of his rights and voluntarily pled guilty. *Moore*, supra, 285 Ga. at 857 (1) (although there is no transcript of the colloquy, the record shows that the plea was voluntary).

Accordingly, the record demonstrates that the arguments Surry raises on appeal would be decided against him, and therefore, Surry has not met his burden of showing he is entitled to bring an out-of-time appeal.[4] *Rhodes*, supra, 296 Ga. at 420 (2); *Moore*, supra, 285 Ga. at 856 (1). Accordingly, we affirm the trial court's order denying Surry's motion for an out-of-time appeal.

*Judgment affirmed. Division Per Curiam. All Judges concur.*

---

[4] Having concluded that Surry cannot establish prejudice, we need not address whether trial counsel informed Surry of his right to appeal. *Rhodes*, supra, 296 Ga. at 420 (2).