# Court of Appeals
# of the State of Georgia

ATLANTA,  May 30, 2019

*The Court of Appeals hereby passes the following order:*

## A19A1931. KENNETH RAY LEGGETT v. THE STATE.

Following a bench trial, the trial court found Kenneth Ray Leggett guilty of driving under the influence and improper lane change, and Leggett was sentenced on June 6, 2018.  On August 31, 2018, a newly appointed attorney filed a motion for new trial. The trial court dismissed the motion on January 31, 2019, based on Leggett's failure to appear for the hearing on the motion for new trial. Leggett appeals this ruling.

A notice of appeal must be filed within 30 days of the entry of an appealable judgment. OCGA § 5-6-38 (a). The proper and timely filing of a notice of appeal is an absolute requirement to confer appellate jurisdiction on this Court. See *Rowland v. State*, 264 Ga. 872, 872 (1) (452 SE2d 756) (1995). Although the filing of a motion for new trial generally extends the deadline for filing a notice of appeal, see OCGA § 5-6-38 (a), an untimely motion for a new trial is void and does not extend the time for filing an appeal. *Wicks v. State*, 277 Ga. 121, 121-122 (587 SE2d 21) (2003).  To be timely, a motion for a new trial must be filed within 30 days of the entry of the order to be appealed. See OCGA §  5-5-40 (a).

Leggett's motion for new trial was untimely as it was filed 86 days after entry of his sentence. Arguably, Leggett requested permission to file an out-of-time motion for new trial as he requested that the motion "be deemed timely-filed." In *Washington v. State*, 276 Ga. 655 (581 SE2d 518) (2003), the Supreme Court held that a trial court could implicitly grant such a request where a party files an out-of-time motion for new trial and the trial court rules on the merits of the motion. See id. at 656 (1). Here, the trial court neither expressly granted permission to file an out-of-time motion nor

ruled on the merits of the motion. Under these circumstances, Leggett's untimely motion for new trial did not extend the time for filing a notice of appeal. See *Wicks*, 277 Ga. at 121-122. Accordingly, we lack jurisdiction to consider this appeal, which is hereby DISMISSED.

We note that Leggett filed a timely notice of appeal, which counsel withdrew in order to pursue the motion for new trial. To the extent that Leggett's right to appeal was frustrated by counsel, he may be entitled to an out-of-time appeal. See *Rowland v. State*, 264 Ga. 872, 875-876 (2) (452 SE2d 756) (1995). He therefore is informed of the following in accordance with *Rowland*:

> This appeal has been dismissed because you failed to file a timely notice of appeal. If you still wish to appeal, you may petition the trial court for leave to file an out-of- time appeal. If the trial court grants your request, you will have 30 days from the entry of that order to file a notice of appeal referencing your conviction. If the trial court denies your request, you will have 30 days from the entry of that order to file a notice of appeal referencing the denial of your request for an out-of-time appeal.

The clerk of court is DIRECTED to send a copy of this order to Leggett as well as to Leggett's attorney, who is also DIRECTED to send a copy to Leggett.



Court of Appeals of the State of Georgia
Clerk's Office, Atlanta,　05/30/2019
I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.
Witness my signature and the seal of said court hereto affixed the day and year last above written.


, *Clerk.*