# Court of Appeals
# of the State of Georgia

ATLANTA,  February 09, 2021

*The Court of Appeals hereby passes the following order:*

**A20A1628. BYRD v. STATE.**

In 2012, Mychena Byrd pled guilty to theft by shoplifting and two counts of giving false information to an officer. She received an aggregate 10-year sentence with 42 months' imprisonment, the remainder to be served on probation. In 2018, she pled guilty to new offenses of theft by shoplifting and possession of marijuana less than an ounce. She admitted to violating probation in the 2012 case, and her probation was revoked. As part of a negotiated plea in the 2018 case, Byrd entered a felony mental health contract in the Douglas Circuit Felony Mental Health Program known as "HOPE Court." As a result, Byrd's sentence in the 2018 case was stayed. If she violated the mental health contract, that suspension of her sentence would be revoked, as would her probation in the 2012 case, and her sentence in the 2012 case would run concurrent to her sentence in the 2018 case.

In 2019, the Douglas Circuit's accountability court program sought to terminate Byrd's mental health contract based upon, among other things, her commission of new offenses, as she had failed to comply with the law and her contract. Following a hearing, the trial court on August 7, 2019, issued an order terminating Byrd from the HOPE Court  program, and it imposed sentences in both cases. Byrd moved  for a new trial. The trial court denied the motion, viewing it as one for reconsideration given that Byrd had pled guilty in both cases and never had a trial. See *Roseborough v. State*, 311 Ga. App. 456, 457 (1) (716 SE2d 53) (2011) ("The purpose of a motion for a new trial is to obtain another trial. . . . The verdict is the point of attack to which a motion for a new trial and everything it contains is directed. If there is no verdict a motion has no raison d'etre.") (citation and

punctuation omitted); accord *Davis v. State*, 274 Ga. 865 (561 SE2d 119) (2002).

Byrd, on March 17, 2020, filed a notice of appeal from the trial court's "termination from Hope Court entered August 7, 2019 and sentence entered on the same date." We lack jurisdiction. Pursuant to OCGA § 5-6-38 (a), a notice of appeal must be filed within 30 days of an appealable judgment. The proper and timely filing of a notice of appeal is an absolute requirement to confer appellate jurisdiction on this Court. *Rowland v. State*, 264 Ga. 872 (1) (452 SE2d 756) (1995). Here, Byrd filed her notice of appeal 220 days after entry of the trial court's order terminating her from HOPE Court and imposing her sentences. Although Byrd sought reconsideration of that order, a motion for reconsideration does not extend the time for filing a notice of appeal, nor is the denial of a motion for reconsideration a directly appealable judgment. *Bell v. Cohran*, 244 Ga. App. 510, 510-511 (536 SE2d 187) (2000); *Savage v. Newsome*, 173 Ga. App. 271 (326 SE2d 5) (1985).

Accordingly, Byrd's appeal is hereby DISMISSED for lack of jurisdiction.[1]



*Court of Appeals of the State of Georgia*
*Clerk's Office, Atlanta,__02/09/2021_____*
*I certify that the above is a true extract from*
*the minutes of the Court of Appeals of Georgia.*
*Witness my signature and the seal of said court*
*hereto affixed the day and year last above written.*

_____ *, Clerk.*

---

[1] The State also filed a motion seeking to dismiss this appeal for lack of jurisdiction, albeit on somewhat different grounds than discussed here. Given the decision in this order, that motion is moot.