# Court of Appeals
# of the State of Georgia

ATLANTA,  March 12, 2021

*The Court of Appeals hereby passes the following order:*

**A21A1020. SEAN RYAN O'MALLEY v. THE STATE.**

A jury found Sean Ryan O'Malley guilty of multiple counts of child molestation. On January 8, 2016, the trial court entered O'Malley's judgment of conviction and sentence. On February 15, 2016, O'Malley filed a motion for new trial, which the trial court denied on October 28, 2020. O'Malley filed a notice of appeal on November 6, 2020. We, however, lack jurisdiction.

To be timely, a notice of appeal must be filed within 30 days after entry of the appealable order. OCGA § 5-6-38 (a). The proper and timely filing of a notice of appeal is an absolute requirement to confer jurisdiction on this Court. See *Rowland v. State*, 264 Ga. 872, 872 (1) (452 SE2d 756) (1995). Although the filing of a motion for new trial generally extends the deadline for filing a notice of appeal, such motion is not valid unless filed within 30 days after the entry of the judgment. See *Wright v. Rhodes*, 198 Ga. App. 269, 269 (401 SE2d 35) (1990); OCGA § 5-5-40 (a). An untimely motion for a new trial does not extend the time for filing a notice of appeal. *Wicks v. State*, 277 Ga. 121, 121-122 (587 SE2d 21) (2003). Because O'Malley did not file a motion for new trial within 30 days after entry of the judgment of conviction, the motion did not extend the appeal deadline.[1] Accordingly, O'Malley's

---

[1] In *Washington v. State*, 276 Ga. 655, 656 (1) (581 SE2d 518) (2003), the Supreme Court held that if a party obtains permission from the trial court to file an out-of-time motion for new trial, and the trial court then denies the motion on its merits, a party is entitled to file a direct appeal in which the appellate court addresses the merits of the appeal from the denial of the out-of-time motion for new trial. Here, it does not appear from the record that the trial court granted permission to file an

notice of appeal is untimely, and this case is hereby DISMISSED for lack of jurisdiction.

We note, however, that O'Malley, who was represented by counsel, may be entitled to pursue an out-of-time appeal to the extent that his right to appeal has been frustrated by errors of counsel. See *Rowland v. State*, 264 Ga. at 875-876 (2). He therefore is informed of the following in accordance with *Rowland*: This appeal has been dismissed because you failed to file a timely notice of appeal. If you still wish to appeal, you may petition the trial court for leave to file an out-of-time appeal. If the trial court grants your request, you will have 30 days from the entry of that order to file a notice of appeal referencing your conviction. If the trial court denies your request, you will have 30 days from the entry of that order to file a notice of appeal referencing the denial of your request for an out-of-time appeal. The Clerk of Court is DIRECTED to send a copy of this order to O'Malley and to O'Malley's attorney, and the latter is also DIRECTED to send a copy to O'Malley.



*Court of Appeals of the State of Georgia*
*Clerk's Office, Atlanta,   03/12/2021*

*I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*

*Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____, *Clerk.* Stephen E. Castlen

---

out-of-time motion for new trial.