# Court of Appeals
# of the State of Georgia

ATLANTA, July 30, 2025

*The Court of Appeals hereby passes the following order:*

## A25D0495. MARIO R. SULLIVAN v. THE STATE.

In 2015, Mario Sullivan pled guilty to one count each of burglary, armed robbery, impersonating an officer, and false imprisonment, and two counts of aggravated assault, and the trial court imposed a total sentence of 20 years in prison, to be followed by 20 years on probation. It does not appear that Sullivan filed a direct appeal from his judgment of conviction. He later filed a motion for an out-of-time appeal, which the trial court denied in July 2021. Sullivan then filed an application for discretionary review of the July 2021 order, which we granted, *Sullivan v. State*, Case No. A22D0047 (Sept. 15, 2021), although we dismissed Sullivan's ensuing direct appeal as untimely. *Sullivan v. State*, Case No. A22A0622 (May 23, 2022). In June 2025, Sullivan filed another motion for an out-of-time appeal. The trial court denied the motion on June 18, 2025, and Sullivan filed this timely application for discretionary review 22 days later. See OCGA § 5-6-35 (d). After filing this application, Sullivan also filed a direct appeal challenging the same trial court order; that appeal has been docketed in this Court as Case No. A26A0046.

In *Cook v. State*, 313 Ga. 471 (870 SE2d 758) (2022), the Supreme Court of Georgia eliminated the procedure for obtaining out-of-time appellate review. The General Assembly however, revived the procedure by statute, effective May 14, 2025, before Sullivan filed the motion at issue here. See OCGA § 5-6-39.1; Ga. L. 2025, p. 621, § 1-3 (H.B. 176). Notably, neither OCGA § 5-6-39.1 nor the discretionary appeal statute, OCGA § 5-6-35, requires a defendant to file an application for

discretionary appeal to obtain review of the denial of a motion for an out-of-time appeal under the current statutory scheme.[1] The trial court's order here therefore appears to be directly appealable.

Under OCGA § 5-6-35 (j), we will grant a timely application for discretionary review if the lower court's order is subject to direct appeal. See *City of Rincon v. Couch*, 272 Ga. App. 411, 412 (612 SE2d 596) (2005). Accordingly, this application is hereby GRANTED. See *English v. State*, 307 Ga. App. 544, 545-547 (1) & n. 4 (705 SE2d 667) (2010) (a defendant who enters a guilty plea may be entitled to an out-of-time appeal, and "[t]he denial of a motion for an out-of-time appeal is directly appealable when the criminal conviction at issue has not been the subject of direct appeal"), disapproved in part on other grounds, *Collier v. State*, 307 Ga. 363, 366-367 (1) & appx. (834 SE2d 769) (2019); see also *Arrington v. State*, 332 Ga. App. 481 (773 SE2d 430) (2015) (addressing on the merits a trial court order denying the criminal defendant's fourth motion for an out-of-time appeal, after his appeal from the denial of a prior motion for an out-of-time appeal was dismissed as untimely). Because Sullivan has already filed a notice of appeal referencing the June 18 denial of his motion for an out-of-time appeal, he need not file a second notice, and the appeal will proceed in Case No. A26A0046. See *Wannamaker v. Carr*, 257 Ga. 634, 635 (1) (362 SE2d 53) (1987) (a notice of appeal filed after an application to appeal was filed, but before the application was granted, ripens upon entry of an order granting the

---

[1] While OCGA § 5-6-39.1 places certain restrictions on the availability of out-of-time review *in trial courts*, the plain language of the statute does not premise the availability of *appellate* review of the denial of a motion for an out-of-time appeal on any of those restrictions.

application). The trial court clerk is DIRECTED to supplement the record in Case No. A26A0046 with a copy of this order.



*Court of Appeals of the State of Georgia*

*Clerk's Office, Atlanta,__07/30/2025_____*

    *I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*

    *Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____ *, Clerk.*