## S04A1358. KEMP v. SIMPSON.
(603 SE2d 267)

SEARS, Presiding Justice.

In this habeas action, the habeas court granted relief to the appellee, Karriem Simpson, from his plea of guilty to the offense of incest. The warden, appellant Ralph Kemp, appeals from the habeas court's order, and for the reasons that follow, we reverse.

Simpson was indicted for rape and incest. The incest count of the indictment alleged that Simpson was the victim's uncle.[1] As part of a plea bargain, the charge of rape against Simpson was nol prossed, and Simpson pled guilty to incest. Simpson subsequently filed this habeas petition, contending that he received ineffective assistance of trial counsel and that, as he was the victim's step-uncle, not her uncle, his sexual relationship with her was not prohibited by the incest statute. Reasoning that the indictment against Simpson failed to charge a crime since the incest statute does not proscribe intercourse between a step-uncle and step-niece, the habeas court ruled that Simpson's plea to incest was void.[2] We disagree with this ruling.

When Simpson pled guilty to incest, he waived all defenses

---

[1] In this regard, OCGA § 16-6-22 (a) (6) provides that "[a] person commits the offense of incest when he engages in sexual intercourse with a person to whom he knows he is related either by blood or by marriage as follows: . . . (6) Uncle and niece."

[2] The habeas court did not rule on Simpson's ineffectiveness claim.

except that the indictment charged no crime.[3] In this regard, if a defendant can admit all the allegations contained in the indictment and still not be guilty of a crime, then the indictment has failed to sufficiently allege that the defendant committed a crime and the resulting plea is void.[4] Here, the indictment alleged that Simpson was the victim's uncle and that he had sexual intercourse with her. When Simpson pled guilty, he admitted these facts, and because these facts constitute the crime of incest, Simpson's plea to that crime is not void. Accordingly, we reverse the habeas court's ruling to the contrary.

*Judgment reversed. All the Justices concur.*

DECIDED SEPTEMBER 27, 2004.

*Thurbert E. Baker, Attorney General, Jason C. Fisher, Assistant Attorney General,* for appellant.

Karriem Simpson, *pro se.*

---

[3] See *Wilson v. Reed,* 246 Ga. 743 (272 SE2d 699) (1980); *Howard v. State,* 252 Ga. App. 487 (555 SE2d 884) (2001).

[4] *Wilson,* 246 Ga. at 743; *Smith v. Hardrick,* 266 Ga. 54, 55 (464 SE2d 198) (1995).