S06A1116. WRIGHT v. HALL.
(638 SE2d 270)

HINES, Justice.

This Court granted Robert Gainous Wright's application for a certificate of probable cause to appeal the denial of his petition for a writ of habeas corpus. Finding no error, we affirm.

In January of 1990, a Carroll County grand jury returned a true bill of indictment against Wright charging him, and others, with malice murder, felony murder, armed robbery, kidnapping, and theft by taking. The indictment was captioned "Carroll Superior Court" and stated that it had been returned by "the Grand Jurors Selected, Chosen and Sworn for Carroll County." However, in setting forth the count of malice murder, the indictment did not state that the crime had occurred in Carroll County; all other counts recited that the crimes took place "in the County of Carroll and the State of Georgia." Wright pled guilty to all charges; he was sentenced to life in prison for malice murder, life in prison for armed robbery, twenty years in prison for kidnapping, and five years in prison for theft by taking, all terms to be served consecutively to each other; an order of nolle prosequi was entered on the charge of felony murder.

In 2003, Wright filed an "extraordinary motion to modify void sentence" in the Superior Court of Carroll County, contending that his conviction for malice murder was void because in setting forth the count of malice murder, the indictment failed to state that the crime occurred in Carroll County. The trial court denied the motion, and this Court affirmed, noting that while the motion was improper, the claim would have been cognizable if brought as a timely motion to

arrest judgment, or in a habeas corpus petition. *Wright v. State*, 277 Ga. 810 (596 SE2d 587) (2004). Wright then filed this petition for a writ of habeas corpus, which, after a hearing, was denied by the habeas court.

1. Wright contends that the omission of the county in which the malice murder occurred from the body of the indictment setting forth the malice murder count renders his conviction on that count void.[1] By pleading guilty, Wright waived all defenses except that the indictment failed to charge him with a crime. *Kemp v. Simpson*, 278 Ga. 439, 439-440 (603 SE2d 267) (2004). "In this regard, if a defendant can admit all the allegations contained in the indictment and still not be guilty of a crime, then the indictment has failed to sufficiently allege that the defendant committed a crime and the resulting plea is void." Id.

Count 1 of the indictment set forth that Wright "did unlawfully and with malice aforethought cause the death of Ronald Rooks, a human being, by stabbing and cutting said Ronald Rooks with a knife, contrary to the laws of said State, the good order, peace and dignity thereof." Thus, this count of the indictment did not show that venue was properly in Carroll County. See Ga. Const. of 1983, Art. VI, Sec. II, Par. VI. "Venue is a jurisdictional fact that must be proved by the prosecution beyond a reasonable doubt." *Graves v. State*, 269 Ga. 772, 773 (1) (504 SE2d 679) (1998). "But venue is not an element of the offense and does not prove or disprove the defendant's guilt." *Grier v. State*, 275 Ga. 430, 431 (1) (569 SE2d 837) (2002). Accord *Jones v. State*, 272 Ga. 900, 904 (4) (537 SE2d 80) (2000). Although the State would have had to prove the facts establishing venue at any trial, this does not alter the fact that when Wright pled guilty to all the allegations in Count 1 of the indictment, he was admitting to all of the elements of the crime of malice murder. See OCGA § 16-5-1 (a). Accordingly, Wright waived the defense of failure to establish venue when he pled guilty. *Kemp*, supra.

Other procedural considerations also bar Wright's assertion of error. Claims "that are raised for the first time in habeas corpus proceedings that could have been raised at trial or on direct appeal are barred by procedural default unless the petitioner can meet the 'cause and prejudice' test." *Head v. Ferrell*, 274 Ga. 399, 401 (554 SE2d 155) (2001). Wright's petition for a writ of habeas corpus was the first time he raised any claim challenging the correctness of the indictment in a legally cognizable manner. As this Court previously

---

[1] This Court's observation that this claim was cognizable in a habeas corpus proceeding simply meant that, as a procedural matter, the claim could be properly brought in a habeas action. See *Green v. Dunn*, 257 Ga. 66, 67 (355 SE2d 61) (1987). It did not attempt to adjudicate the merits of the claim.

noted, Wright could have asserted this claim in the trial court in a motion to arrest judgment. *Wright,* supra. He could also have challenged the correctness of the indictment in a demurrer. See *State v. Eubanks,* 239 Ga. 483 (238 SE2d 38) (1977). However, Wright did neither of these things in the trial court. And in his habeas proceeding, he did not even assert to the habeas court that he met the "cause and prejudice" test, or that he should otherwise be excused from the bar of procedural default.

The habeas court did not err in denying Wright's petition for a writ of habeas corpus on the asserted ground of an infirmity in the indictment.

2. Wright contends that his trial counsel was ineffective in several regards. To prevail on this claim of ineffective assistance of counsel, Wright "must demonstrate that counsel's performance fell below an objective standard of reasonableness and there is a reasonable probability that, but for counsel's errors, [he] would not have pled guilty and would have insisted on going to trial." *Gerisch v. Meadows,* 278 Ga. 641, 644 (3) (604 SE2d 462) (2004). On review, this Court will accept the habeas court's factual findings and credibility determinations unless clearly erroneous, but independently apply the legal principles to the facts. *Turpin v. Lipham,* 270 Ga. 208, 211 (3) (510 SE2d 32) (1998). There is a strong presumption that trial counsel's conduct falls within the broad range of reasonable professional conduct. *Sims v. State,* 278 Ga. 587, 589-590 (3) (604 SE2d 799) (2004).

(a) Wright asserts that counsel was ineffective in not contesting the failure of the indictment to state venue. At the hearing on Wright's petition for a writ of habeas corpus, Wright's trial counsel testified that he did not notice at the time of Wright's prosecution that the allegation of malice murder did not set forth venue. He also testified that Wright's agreement to plead guilty was in exchange for the State's agreement not to seek the death penalty, and that had he noticed the omission, he would have "gingerly approached" the State on the subject "for fear of getting the deal off the table." Further, counsel noted that had he raised the issue, the State could have cured the problem with the indictment. See *Scott v. State,* 275 Ga. 305, 306-307 (2) (565 SE2d 810) (2002). There was no error in the habeas court's determination that ineffective assistance of counsel was not shown on this ground.

(b) Wright claims that counsel led him to believe that, based upon the fact that he stabbed Rooks twice, he was necessarily guilty of malice murder, inducing his guilty plea. Counsel testified that he believed a jury would be more inclined to find malice based on multiple stab wounds, and although he had no specific recollection of discussing this issue with Wright, that is how he would have advised

him. The habeas court credited counsel's testimony, and did not err in rejecting this contention of ineffective assistance of counsel.

(c) Wright contends that counsel failed to ensure that he was advised of certain rights as required by *Boykin v. Alabama*, 395 U. S. 238 (89 SC 1709, 23 LE2d 274) (1969). The transcript of the plea hearing, together with counsel's testimony as to his routine and standard practice, supports the habeas court's finding that Wright was advised of his *Boykin* rights. *Green v. State*, 279 Ga. 687 (620 SE2d 788) (2005).

(d) Wright asserts that he did not understand the parole implications of his pleas because counsel did not advise him on this subject. It is not error to make no representations about parole eligibility. See *Williams v. Duffy*, 270 Ga. 580, 581 (513 SE2d 212) (1999).

3. Wright asserts that at his plea hearing, the prosecutor fraudulently read into the record the words "in Carroll County" when informing Wright of what charge he faced as to Count 1 of the indictment. Assuming without deciding that this claim is not procedurally barred, the record does not support Wright's contention. The prosecutor did not purport to read the indictment verbatim when advising Wright of the charges against him, and the prosecutor's identification of venue was introductory to all of the charges; he did not specifically recite "in Carroll County" when informing Wright of the other charges in the indictment. Similarly, Wright's contention that trial counsel was ineffective for failing to object to the prosecutor's conduct is meritless.[2]

4. Wright urges that he did not enter his guilty pleas knowingly and voluntarily. To the extent these arguments have not been addressed above, they are meritless; a factual basis for the crimes was placed on the record, and the transcript of the plea hearing belies Wright's claim that he was under the impression that he could be sentenced for both malice murder and felony murder.

*Judgment affirmed. All the Justices concur.*

DECIDED NOVEMBER 27, 2006.

Robert G. Wright, *pro se.*

*Thurbert E. Baker, Attorney General, Paula K. Smith, Senior Assistant Attorney General, Chad E. Jacobs, Assistant Attorney General*, for appellee.

---

[2] Counsel testified that even if he had noticed the indictment's omission of the words "in Carroll County," he did not consider the prosecutor's actions to be fraudulent as there was no question that the crimes took place in Carroll County.