## S10A0163. MARION v. THE STATE.

(695 SE2d 199)

NAHMIAS, Justice.

John Marion appeals from the trial court's denial of his motion for out-of-time appeal. For the reasons that follow, we affirm.

In December 1996, Marion was indicted for murder, and the State sought the death penalty. On May 31, 2002, in exchange for the State agreeing not to seek the death penalty, Marion pleaded guilty to murder and armed robbery, received consecutive life sentences, and agreed, among other things, "to waive and give up any right he may have to appeal the terms of this agreement." On May 1, 2009, Marion filed a motion for out-of-time appeal and a motion for an evidentiary hearing. The trial court denied both motions, ruling that, because Marion had waived his appellate rights as part of his plea agreement, he had to successfully attack the validity of that waiver in an appropriate habeas corpus petition before he could file a motion for out-of-time appeal.

1. Marion asserts that the malice murder count of his indictment failed to allege an act with a specific intent to kill, that it was therefore void, that his plea of guilty did not waive the defense that the indictment charged no crime, that he was therefore entitled to raise this issue in an out-of-time appeal, and that the trial court erred in denying his motion. See *Smith v. Hardrick*, 266 Ga. 54, 56 (464 SE2d 198) (1995) (noting that a guilty plea waives all defenses other than that the indictment fails to charge a crime).

To resolve this issue, we need not decide whether the trial court erred in ruling that Marion could not seek an out-of-time appeal until he prevailed on a claim to set aside the appeal waiver in a habeas corpus action. Compare *Rush v. State*, 276 Ga. 541, 541-542 (579 SE2d 726) (2003) (holding that a waiver of the right to appeal is valid if entered knowingly, voluntarily, and intelligently and deciding on timely direct appeal that the waiver at issue was valid). If the issues that a defendant raises in a motion for out-of-time appeal can be resolved against him based upon the existing record, there is no error in denying the motion. *Brown v. State*, 280 Ga. 658, 659 (631 SE2d 687) (2006). Here, the indictment alleged that Marion "did unlawfully and with malice aforethought cause the death of another human being . . . by shooting [him] in the head and chest with a handgun, thereby causing him a mortal wound, from which he died." These allegations are sufficient to allege the crime of malice murder. See OCGA § 16-5-1 (a); *Wright v. Hall*, 281 Ga. 318, 319 (638 SE2d 270) (2006) (indictment fails to sufficiently allege a crime only if the defendant can admit all the allegations contained in it and still not be

guilty of a crime). Therefore, Marion's challenge to the indictment can be resolved against him on the existing record, and he is not entitled to a direct appeal on the issue. See *Brown*, 280 Ga. at 659.

2. Marion contends that his trial counsel provided deficient performance by failing to inform him of the allegedly defective indictment and appears to contend that his guilty plea was not entered knowingly and voluntarily because of his lack of knowledge about the defective indictment. Because, as just explained, the indictment did not fail to allege a crime, these contentions can be resolved adversely to Marion on the existing record, and the trial court therefore did not err in denying the motion for out-of-time appeal on these issues. See id.

3. Marion contends that trial counsel provided ineffective assistance by permitting him to plead to two consecutive life sentences when, if he had gone to trial, he might have received only one life sentence. This allegation, however, cannot be resolved on the facts appearing in the record, see *Brown*, 280 Ga. at 658 (an appeal from a guilty plea is only available when the issues raised can be resolved by facts appearing in the record), and Marion was therefore required to raise the issue in a habeas corpus action. Id. (We express no opinion as to whether a petition for habeas corpus would be timely or successive at this point. See OCGA § 9-14-42 (c); *Marion v. Roberts*, Case No. S09H1976 (application denied by order March 29, 2010).)

4. It appears that Marion contends that his plea was involuntary because of threats about receiving the death penalty that do not appear in the record. Again, because this issue cannot be resolved based on facts appearing in the record, it must be raised in a habeas corpus action. See *Brown*, 280 Ga. at 658.

5. Marion contends that his right to an appeal was frustrated by his trial counsel's ineffective assistance. This issue, however, need not be reached due to our holding that Marion is not entitled to an appeal on the issues he raises because they either can be resolved adversely to him based on the existing record or cannot be the subject of an appeal from a guilty plea since they cannot be resolved based on the existing record. See *Brown*, 280 Ga. at 659-660; *Grantham v. State*, 267 Ga. 635, 635 (481 SE2d 219) (1997).

6. For the same reason, the trial court was not required to hold an evidentiary hearing on any of these issues. See *Brown*, 280 Ga. at 689; *Baker v. State*, 273 Ga. 842, 843 (545 SE2d 879) (2001).

*Judgment affirmed. All the Justices concur.*

DECIDED MAY 3, 2010.

John E. Marion, *pro se.*

*Stephen D. Kelley, District Attorney, John B. Johnson III, Assistant District Attorney, Thurbert E. Baker, Attorney General, Paula K. Smith, Senior Assistant Attorney General,* for appellee.