S10A2074. UPPERMAN v. THE STATE.
(705 SE2d 152)

HINES, Justice.

Inmate Adam Upperman, pro se, appeals from an order of the Superior Court of DeKalb County dismissing his motion for an out-of-time appeal. For the reasons that follow, we affirm.

On August 5, 1999, Upperman entered negotiated pleas of guilty to three counts of malice murder and one count of armed robbery. Pursuant to the plea agreement, on September 29, 1999, he received a life sentence for each of the malice murders and twenty years in prison for the armed robbery, all sentences to be served concurrently. In 2003, Upperman filed a motion to void judgment, and in 2009, he

filed an extraordinary motion for new trial, both of which were denied, and no appeals were taken from the denials. Over ten years after the pleas, in January 2010, Upperman filed the present pro se motion for an out-of-time appeal alleging principally that he was denied his right to file a timely direct appeal due to trial counsel's "negligence or ignorance," asserting he was not adequately informed of his appeal rights.[1] In April 2010, the trial court dismissed Upperman's motion for an out-of-time appeal, stating that Upperman's appellate rights could not have been frustrated by counsel inasmuch as, based upon the claims asserted, he would not have been entitled to file an appeal from the judgment entered on his guilty pleas because the issues he sought to raise could not be resolved by reference to facts of record, and accordingly, Upperman's remedy was a habeas corpus proceeding. Upperman filed a timely notice of appeal to this Court.

1. Upperman cannot prevail in this appeal of the adverse ruling on his motion for an out-of-time appeal because the matters he raised in the motion either can be resolved against him based upon the existing record, or as in his principal claim of the ineffectiveness of trial counsel, indeed must be raised in a habeas corpus action.[2] *Marion v. State*, 287 Ga. 134 (695 SE2d 199) (2010).

2. Upperman also complains about the lack of a hearing in the matter; however, the trial court was not required to hold an evidentiary hearing on the issues raised. *Marion v. State*, 287 Ga. at 135 (6).

*Judgment affirmed. All the Justices concur.*

DECIDED JANUARY 10, 2011.

Adam Upperman, *pro se.*

---

[1] In the motion, Upperman further asserted that the armed robbery should have merged for the purpose of sentencing; that the indictment was in violation of OCGA § 15-12-16 (a); and that his pleas were involuntary because he did not understand the charges against him. In March 2010, he also filed a pro se "motion to withdraw guilty plea." In June 2010, the trial court denied Upperman's motion to withdraw his guilty plea construing it as a motion to vacate his armed robbery sentence, and Upperman filed a notice of appeal. As this Court determined that the motion, in substance, was a petition to vacate or modify a judgment of conviction it was not an appropriate remedy in a criminal case, and therefore that appeal was dismissed (*Upperman v. State*, Case No. S10A2075, dismissed September 20, 2010).

[2] Upperman complains that he requested that counsel file an appeal from the guilty pleas, but none was filed; that counsel advised him to enter the guilty pleas to the malice murders and armed robbery of the same victim even though counsel knew that he was not the triggerman and that his only involvement in the murders was the armed robbery; and that at the time the pleas were entered, counsel told him that he would be eligible for parole in 14 years and that the armed robbery conviction would have no impact on parole.

*Gwendolyn Keyes Fleming, District Attorney, Leonora Grant, Assistant District Attorney, Thurbert E. Baker, Attorney General, Paula K. Smith, Senior Assistant Attorney General*, for appellee.