Robert L. Hagins, *pro se.*

S11A1972. GIBSON v. THE STATE.
(722 SE2d 741)

BENHAM, Justice.

Patrick Gibson, pro se, appeals from the trial court's denial of his motion for out-of-time appeal. For reasons that follow, we affirm.

1. In 1984, appellant pled guilty to one count of murder in a negotiated plea deal in which the State agreed to withdraw its intent to seek the death penalty and allowed a second count for cocaine possession to be disposed as a nolle prosequi. In June 2011, appellant moved for an out-of-time appeal which the trial court denied on July 22, 2011. On appeal, appellant restates grounds made to the trial court, generally complaining that his plea was involuntary and the result of the ineffective assistance of his counsel. In particular, appellant complains that his indictment was defective for failing to charge a crime and that his attorneys should have known the indictment was defective. Appellant also alleges that the trial court did not have jurisdiction over his plea, that the murder did not take place in Georgia, that the notice of intent to seek the death penalty was not made prior to arraignment, that he was improperly denied a psychological exam to test his competency for trial, and that he was not arrested for murder and/or served with an arrest warrant.

Appellant cannot prevail on his motion for out-of-time appeal based on allegations that can be resolved against him based on facts in the record.[1] *Upperman v. State*, 288 Ga. 447 (1) (705 SE2d 152) (2011). The record shows that appellant's plea was knowing, voluntary, and met the standards of constitutional due process. At the July 20, 1984, plea hearing, the trial court informed appellant of all his *Boykin*[2] rights; appellant affirmed that he understood those rights and admitted that he had conferred with his attorneys before entering his plea and that he was satisfied with their service. See *Moore v. State*, 285 Ga. 855 (1) (684 SE2d 605) (2009) (the voluntariness of a plea entered prior to July 1985 is determined by criteria set forth in *Boykin*). The record also shows that the indictment charged the crime of murder. Specifically, at the plea hearing, the trial court read to appellant the indictment, which alleged that appellant killed, with malice aforethought, a human being by stran-

---

[1] Here, the record consists of the pleadings and the plea hearing transcript. It does not include the attachments to appellant's briefs.

[2] *Boykin v. Alabama*, 395 U. S. 238 (89 SC 1709, 23 LE2d 274) (1969).

gulation and, upon hearing the indictment, appellant admitted his actual guilt as to the facts alleged therein. See *Addison v. State*, 239 Ga. 622, 624 (238 SE2d 411) (1977) ("once a defendant has solemnly admitted in open court that he is in fact guilty of the offense charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea"). The indictment also showed that the murder took place in Crisp County, Georgia and thus venue and jurisdiction were proper in the Superior Court of Crisp County wherein appellant entered his plea. The notice of intent to seek the death penalty was timely submitted in March 1984 several months before appellant's plea hearing occurred in July 1984.[3] See *Strickland v. State*, 247 Ga. 219 (24) (275 SE2d 29) (1981). Thus, these factual allegations having been resolved against appellant by evidence in the record, the trial court did not err when it determined appellant was not entitled to an out-of-time appeal on these grounds. *Marion v. State*, 287 Ga. 134 (2) (695 SE2d 199) (2010).[4]

2. Appellant cannot otherwise prevail on his motion for out-of-time appeal.

(a) When appellant entered his plea voluntarily, he waived the challenges to the circumstances of his arrest and/or the validity of the arrest warrant. See *Moore v. State*, supra, 285 Ga. at 858 (2).

(b) Appellant's remaining allegation of ineffective assistance of counsel cannot be resolved solely by facts in the record, but would require a post-plea evidentiary hearing. Therefore, that allegation is not subject to review stemming from a motion for out-of-time appeal, but must be pursued in an action for habeas corpus. Id. at 858 (3); *Marion v. State*, 287 Ga. at 135 (3)-(5); *Hodges v. State*, 271 Ga. 466 (520 SE2d 689) (1999).

*Judgment affirmed. All the Justices concur.*

DECIDED FEBRUARY 6, 2012.

Patrick Gibson, *pro se.*
Denise D. Fachini, *District Attorney, Cheri L. Nichols, Assistant*

---

[3] Rule II (C) (1) of Georgia's Unified Appeal Procedure of the Uniform Superior Court Rules, requiring notice of intent to seek the death penalty prior to arraignment, was not adopted until September 1, 1989, five years after appellant entered his plea.

[4] Appellant's concern about not receiving a psychological evaluation is also resolved against him because the record showed the request was withdrawn by appellant after it had been granted by the trial court.

*District Attorney, Samuel S. Olens, Attorney General, Paula K. Smith, Senior Assistant Attorney General*, for appellee.