## S12A0944. BURNS v. THE STATE.
### (731 SE2d 681)

BENHAM, Justice.

In February 2003, appellant Leviticus Burns entered a negotiated guilty plea to a murder charge stemming from his indictment for the October 2001 shooting death of Reginald Berry. Appellant's other charges were placed on a dead docket, and he was sentenced to life in prison for murder. In May 2011, appellant moved for an out-of-time appeal which motion the trial court denied. Appellant timely appealed, and we now affirm for the reasons set forth below.

1. "[A] criminal defendant has no unqualified right to file a direct appeal from a judgment of conviction and sentence entered on a guilty plea, and an appeal will lie from a judgment entered on a guilty plea only if the issue on appeal can be resolved by facts appearing in the record." *Brown v. State*, 290 Ga. 321 (1) (720 SE2d 617) (2012) (citation and punctuation omitted).

(a) Appellant complains that, during the plea hearing, he was informed of his right to remain silent, but not informed of the right against self-incrimination and, as such, his plea was not knowing and voluntary under *Boykin v. Alabama*, 395 U. S. 238 (89 SC 1709, 23 LE2d 274) (1969). We disagree. *Boykin* requires the State to show that a defendant was informed of the privilege against compulsory self-incrimination, the right to a trial by jury, and the right to confront one's accusers in order to establish that the defendant's guilty plea was voluntarily, knowingly, and intelligently made. *Sanders v. Holder*, 285 Ga. 760, 761 (684 SE2d 239) (2009). The plea hearing transcript shows that appellant was admonished by the district attorney as follows:

> [Y]ou have a right to a jury trial where you would have the right to testify, [the] right [to] remain silent. You'd have the presumption of innocence, the right to have the State prove your guilt beyond a reasonable doubt, right to call witnesses,

right to cross-examine the State's witnesses, present any evidence you wished and the right to an attorney at trial.

Nothing in the *Boykin* decision requires "magic words" to convey the defendant's rights during a guilty plea proceeding. *Adams v. State*, 285 Ga. 744, 745 (683 SE2d 586) (2009). The terms "right to remain silent" and "right against self-incrimination" are interchangeable as long as there is understanding that the rights apply at trial. Id. at 746, n. 3. Since appellant was advised about his right to remain silent or testify on his own behalf at trial, his right to a trial by jury, and his right to cross-examine the State's witnesses, he was made sufficiently aware of his *Boykin* rights before waiving them. See *Davis v. State*, 289 Ga. App. 526 (3) (657 SE2d 609) (2008); *Wells v. State*, 276 Ga. App. 844 (625 SE2d 90) (2005).

(b) Appellant opines that since the right to remain silent and the right against self-incrimination are mentioned separately in Rule 33.8 of the Uniform Superior Court Rules, each right should have been read to him as part of his due process rights under the Georgia Constitution. The fact that a trial court does not read every right enumerated in Rule 33.8 does not render the plea involuntary or constitutionally invalid under the Georgia Constitution. *Britt v. Smith*, 274 Ga. 611, 614 (556 SE2d 435) (2001) ("This Court has never expressly held that a trial court's failure to comply fully with USCR 33.8 violates the defendant's right to due process guaranteed under the Georgia Constitution."). The record shows that appellant's plea was valid under both the federal and state constitutions.

(c) Appellant alleges that his counsel was ineffective by failing to advise him about his parole eligibility and his appellate rights. These allegations cannot be resolved solely by facts in the record, but would require a post-plea evidentiary hearing. Therefore, the allegations are not subject to review stemming from a motion for out-of-time appeal, but must be pursued in an action for habeas corpus. *Gibson v. State*, 290 Ga. 516, 517 (2) (b) (722 SE2d 741) (2012).

2. Finally, appellant contends that his arrest warrant was invalid. This alleged error cannot be sustained because appellant waived any defenses regarding the warrant for his arrest when he entered his plea. *Gibson*, supra, 290 Ga. at 517 (2) (a).

*Judgment affirmed. All the Justices concur.*

DECIDED SEPTEMBER 10, 2012.

Leviticus Burns, *pro se.*

*Paul L. Howard, Jr., District Attorney, Paige Reese Whitaker, Marc A. Mallon, Assistant District Attorneys, Samuel S. Olens, Attorney General, Paula K. Smith, Senior Assistant Attorney General,* for appellee.