# Court of Appeals
# of the State of Georgia

ATLANTA,    July 23, 2015

*The Court of Appeals hereby passes the following order:*

**A15A1853.  BOBBY LENARD HAUSNER v. THE STATE.**

In 2009, Bobby Lenard Hausner pled guilty to multiple offenses, including felony theft by taking.  He received a 10-year sentence, with 3 years to serve.  In 2013, he filed a pro se motion to vacate void sentence, arguing that he should have received only a misdemeanor sentence because the State did not establish that the value of the stolen property exceeded $500.  The trial court denied the motion, and Hausner filed this appeal.

A direct appeal lies from the denial of a motion to correct a void sentence when the defendant raises a colorable claim that the sentence is, in fact, void or illegal.  See *Burg v. State*, 297 Ga. App. 118, 119 (676 SE2d 465) (2009). "Motions to vacate a void sentence generally are limited to claims that – even assuming the existence and validity of the conviction for which the sentence was imposed – the law does not authorize that sentence, most typically because it exceeds the most severe punishment for which the applicable penal statute provides." *Von Thomas v. State*, 293 Ga. 569, 572 (2) (748 SE2d 446) (2013).

Here, Hausner did not contend that, assuming his felony convictions were valid, his sentence was void.  Instead, he argued that the evidence was insufficient to convict him of a felony.  This is not a colorable void-sentence argument.  See id. Moreover, the indictment charged Hausner with stealing property valued at $500 or more, and, by pleading guilty, Hausner admitted those allegations.  See *Kemp v. Simpson*, 278 Ga. 439, 439-440 (603 SE2d 267) (2004) (By pleading guilty, a defendant "waived all defenses except that the indictment charged no crime.").

Under these circumstances, Hausner has not raised a valid void-sentence claim.

Accordingly, this appeal is hereby DISMISSED.



*Court of Appeals of the State of Georgia*
    *Clerk's Office, Atlanta,*_____07/23/2015_____
    *I certify that the above is a true extract from*
*the minutes of the Court of Appeals of Georgia.*
    *Witness my signature and the seal of said court*
*hereto affixed the day and year last above written.*

_____, *Clerk.*