# Court of Appeals
# of the State of Georgia

ATLANTA,   April 13, 2016

*The Court of Appeals hereby passes the following order:*

**A16A1256. TIMOTHY GRANT v. THE STATE.**

On September 2, 2014, Timothy Grant, while represented by counsel, entered a negotiated plea to child molestation. He signed a "Change of Plea" form in which he "waive[d] any right to modification of the sentence to be imposed pursuant to this agreement, and agree[d] that [he] shall not seek modification of said sentence in the future." On July 31, 2015, Grant filed a pro se motion to vacate void sentence, arguing that the court failed to consider whether he was eligible for "deviation from the minimum term of imprisonment" when sentencing. The trial court denied the motion, and Grant filed this direct appeal. We lack jurisdiction.

A direct appeal may lie from an order denying or dismissing a motion to correct a void sentence if the defendant raises a colorable claim that the sentence is, in fact, void or illegal. See *Harper v. State*, 286 Ga. 216 n.1 (686 SE2d 786) (2009); *Burg v. State*, 297 Ga. App. 118, 119 (676 SE2d 465) (2009). By pleading guilty, however, Grant "waived all defenses except that the indictment charged no crime." *Kemp v. Simpson*, 278 Ga. 439, 439-440 (603 SE2d 267) (2004). Moreover, a sentence is void only if it imposes punishment that the law does not allow, *Von Thomas v. State*, 293 Ga. 569, 571 (748 SE2d 446) (2013), and Grant does not contend that his sentence exceeds the statutory maximum. He has, therefore, failed to raise a valid void-sentence claim. Because Grant did not raise a colorable argument that his sentence is void, the trial court's denial of his motion is not subject to direct appeal. Accordingly, this appeal is hereby DISMISSED.



*Court of Appeals of the State of Georgia*
    *Clerk's Office, Atlanta,*___04/13/2016___
    *I certify that the above is a true extract from*
*the minutes of the Court of Appeals of Georgia.*
    *Witness my signature and the seal of said court*
*hereto affixed the day and year last above written.*

_____, *Clerk.*