**FIFTH DIVISION**
**DILLARD, P. J.,**
**REESE and BETHEL, JJ.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules

**March 15, 2017**

# In the Court of Appeals of Georgia

A16A2146. RUTLEDGE v. THE STATE.

REESE, JUDGE.

In April 2012, Louis Rutledge, Jr., pled guilty to burglary in the Superior Court of Troup County. He appeals pro se from the trial court's order denying his motion for an out-of-time appeal, in which he claimed that his guilty plea was invalid because neither the trial court nor his defense counsel informed him that, if he was sentenced as a recidivist under OCGA § 17-10-7 (c), he would not be eligible for parole. In his motion, Rutledge ("Appellant") also claimed that his trial counsel failed to notify him of his right to challenge the validity of his guilty plea on direct appeal or in a habeas corpus proceeding. Finally, Appellant contends that the trial court erred in finding that these issues could not be decided on the trial court's record and plea hearing transcript. For the reasons set forth, infra, we affirm.

The record shows the following undisputed facts. The State indicted Appellant for one count of burglary under former OCGA § 16-7-1 (b)[1]; the indictment did not charge Appellant as a recidivist. However, the State subsequently filed a notice of intent to introduce Appellant's criminal history during sentencing and to request that Appellant be sentenced as a recidivist under OCGA § 17-10-7. The notice showed that Appellant had been convicted of at least four prior burglaries, as well as other offenses. In April 2012, Appellant entered into a negotiated guilty plea to the burglary charge. Given Appellant's previous convictions, the trial court sentenced him as a recidivist to twenty years, with nine years to serve in prison, pursuant to OCGA § 17-10-7 (a) and (c).

OCGA § 17-10-7 (a) provides that a convicted felon who commits a subsequent felony offense must be sentenced to the longest period of imprisonment prescribed for the subsequent offense,[2] although the trial court may probate or

---

[1] The Georgia General Assembly amended OCGA § 16-7-1 in 2012. See Ga. L. 2012, p. 899, § 3-1. The amendment became effective on July 1, 2012, and provided that "[a]ny offense occurring before July 1, 2012, shall be governed by the statute in effect at the time of such offense[.]" See Ga. L. 2012, p. 899, §§ 3-1, 9-1 (a).

[2] In 2011, when Appellant committed the burglary at issue, the maximum sentence for a burglary conviction was twenty years. See former OCGA § 16-7-1 (a), (b) (2011).

suspend that maximum sentence unless otherwise provided by law. Further, subsection (c) of the statute provides that a person who commits a felony after having been convicted of three prior felonies must serve the maximum time provided in his or her sentence and shall not be eligible for parole until that sentence has been served. Consequently, the trial court's sentence required Appellant to serve the first nine years of his sentence in prison without the possibility of parole; the sentence then allowed Appellant to serve the remaining eleven years of his sentence on probation.

In 2014, Appellant filed a motion to withdraw his guilty plea, contending he had recently learned that, because he was sentenced as a recidivist under OCGA § 17-10-7 (c), he was ineligible for parole. He asserted that, because neither the trial court nor his counsel notified him that he would not be eligible for parole if sentenced as a recidivist, he did not enter his guilty plea knowingly, intelligently, and voluntarily. According to Appellant, if he had been so informed, he would not have pled guilty to the charge. The trial court denied the motion, ruling that, because the term of court in which Appellant had been sentenced pursuant to his guilty plea had expired, the court lacked jurisdiction to allow the withdrawal of the plea.[3]

---

[3] See *Davis v. State*, 274 Ga. 865 (561 SE2d 119) (2002).

In May 2016, Appellant filed a motion for an out-of-time appeal, once again contending that, at the time he entered his plea, neither the trial court nor his counsel had informed him that being sentenced as a recidivist under OCGA § 17-10-7 (c) meant that he would not be eligible for parole. He also complained that his counsel had never advised him of his right to challenge the validity of his plea on appeal or in a habeas proceeding. The trial court denied Appellant's motion for an out-of-time appeal, finding that these issues could not be decided on the record. Appellant then filed the instant appeal from that order,[4] contending that the trial court abused its discretion in denying his motion for an out-of-time appeal.

The Supreme Court of Georgia has set out a comprehensive overview of the substantive and procedural issues to be considered when a defendant who has entered a guilty plea in the trial court appeals from the denial of his motion for an out-of-time appeal, as follows:

> Out-of-time appeals are designed to address the constitutional concerns that arise when a criminal defendant is denied his first appeal

---

[4] "The denial of a motion for an out-of-time appeal is directly appealable when the criminal conviction at issue has not been the subject of direct appeal." *English v. State*, 307 Ga. App. 544, 545, n. 4 (705 SE2d 667) (2010) (citation omitted). The record here indicates that Appellant's conviction had not been the subject of a direct appeal at the time he filed his motion for an out-of-time appeal.

4

of right because the counsel to which he was constitutionally entitled to assist him in that appeal was professionally deficient in not advising him to file a timely appeal and that deficiency caused prejudice. Thus, an out-of-time appeal is appropriate when a direct appeal was not taken due to ineffective assistance of counsel.

In order to bring an out-of-time appeal on the grounds that trial counsel was ineffective, Appellant must necessarily have had the right to file a direct appeal. Although a criminal defendant has the absolute right to file a timely direct appeal from a judgment of conviction and sentence entered after a jury or bench trial, a criminal defendant has no unqualified right to file a direct appeal from a judgment of conviction and sentence entered on a guilty plea. A direct appeal from a judgment of conviction and sentence entered on a guilty plea is only available if the issue on appeal can be resolved by reference to facts on the record. The ability to decide the appeal based on the existing record thus becomes the deciding factor in determining the availability of an out-of-time appeal when the defendant has pled guilty. Issues regarding the effectiveness of counsel are not reached unless the requirement that the appeal be resolved by reference to facts on the record is met.

Appellant must establish a good and sufficient reason which entitles him to an out-of-time appeal. To meet this burden, Appellant is required to set forth the questions he would raise should the appeal be granted and show that these questions could be answered by facts in the record. He cannot merely allege that he was not informed of his right to appeal.

If the appellate questions Appellant proposes could not be resolved exclusively on the basis of the existing record, then Appellant would have had no right to file a timely direct appeal and therefore no right to an out-of-time appeal. Instead, Appellant must pursue any claims that require an expansion of the record in a habeas corpus petition. If the appellate questions Appellant proposes could be resolved by using the existing record, but these questions can be resolved against him, then Appellant had no right to file a timely notice of direct appeal and therefore no right to an out-of-time appeal.

On the other hand, if the appellate questions raised by Appellant can be resolved in his favor by using the existing record, then Appellant must show that his counsel was ineffective in not filing a timely direct appeal. To demonstrate ineffectiveness, Appellant must show that his trial counsel provided deficient performance and that, but for such unprofessional performance, there is a reasonable probability that the outcome of the proceeding would have been different.[5]

"We review a trial court's denial of a motion for an out-of-time direct appeal for an abuse of discretion."[6] With these guiding principles in mind, we turn now to

---

[5] *Wetherington v. State*, 296 Ga. 451, 453-454 (1) (769 SE2d 53) (2015) (citations and punctuation omitted). See also *Strickland v. Washington*, 466 U. S. 668, 694 (104 SCt 2052, 80 LE2d 674) (1984).

[6] *Arrington v. State*, 332 Ga. App. 481 (773 SE2d 430) (2015) (citation omitted).

Appellant's specific claims of error.

Appellant contends that the trial court abused its discretion in denying his motion for an out-of-time appeal because his trial counsel never informed him of his right to challenge the validity of his guilty plea on direct appeal. Although the record supports Appellant's contention that he was not informed, and possibly even misled regarding the consequences of his guilty plea on his parole status, such a claim is not properly raised in a motion for an out-of-time appeal. Indeed, the Supreme Court of Georgia has held that a claim that counsel was ineffective by "failing to advise [a defendant] about his parole eligibility and appellate rights[,] . . . cannot be resolved solely by facts in the record, but would require a post-plea evidentiary hearing."[7] Thus, such "allegations are not subject to review stemming from a motion for out-of-time appeal, but must be pursued in an action for habeas corpus."[8] For these

---

[7] *Burns v. State*, 291 Ga. 547, 548 (1) (c) (731 SE2d 681) (2012); *see Gibson v. State*, 290 Ga. 516, 517 (2) (b) (722 SE2d 741) (2012) (holding that a claim of ineffective assistance of counsel could not be resolved by the facts in the record and must be pursued in an action for habeas corpus); *Smith v. State*, 287 Ga. 391, 405 (4) (697 SE2d 177) (2010) (noting that when, *inter alia*, the defendant could not show from the record that he would not have pleaded guilty if he had been properly advised about his the effect of his plea on his immigration status, he was required to expand the record by filing a petition for habeas corpus).

[8] *Burns*, 291 Ga. at 548 (1) (c); *Brown v. State*, 290 Ga. 321, 322 (5) (720 SE2d 617) (2012) (holding that claims of ineffective assistance of counsel could not be

reasons, we affirm the trial court's denial of Appellant's motion for an out-of-time appeal.

*Judgment affirmed. Dillard, P. J., and Bethel, J., concur.*

---

resolved on the facts appearing in the record and that, under such circumstances, the defendant's remedy is to file a petition for habeas corpus).