# Court of Appeals
# of the State of Georgia

ATLANTA, July 11, 2017

*The Court of Appeals hereby passes the following order:*

**A17D0504 & A17D0523.  ARTHUR SHERMAINE BUSSEY v. THE STATE.**

Arthur Bussey pled guilty in the criminal case below.  He later filed a Motion to Challenge Personal Jurisdiction, asserting that his convictions are void because the underlying arrest warrants were not supported by probable cause and because the trial court lacked personal jurisdiction over him.  Bussey also filed a second motion raising the same arguments.  After the trial court denied both motions, Bussey filed these applications for discretionary appeal.[1]  We, however, lack jurisdiction.

A post-conviction motion seeking to vacate an allegedly void conviction is not a valid procedure in a criminal case, and any appeal from the denial or dismissal of such a motion must be dismissed.  See *Williams v. State*, 287 Ga. 192, 192 (695 SE2d 244) (2010); *Roberts v. State*, 286 Ga. 532, 532 (690 SE2d 150) (2010).  A direct appeal may lie from the denial of a motion to correct a void sentence if the defendant raises a colorable claim that the sentence is void.  See *Burg v. State*, 297 Ga. App. 118, 119 (676 SE2d 465) (2009).  "Motions to vacate a void sentence generally are limited to claims that – even assuming the existence and validity of the conviction for which the sentence was imposed – the law does not authorize that sentence, most typically because it exceeds the most severe punishment for which the applicable penal statute provides." *von Thomas v. State*, 293 Ga. 569, 572 (2) (748 SE2d 446) (2013).

Here, Bussey did not contend that, assuming his convictions were valid, his

---

[1] Bussey filed one of his applications in the Supreme Court, which transferred the matter here.

sentences were longer than the statutory maximums. Instead, he argued that his convictions were marred by problems with the arrest warrants and that the trial court lacked personal jurisdiction over him. These are not colorable void-sentence arguments, so his appeals are subject to dismissal. See *Williams*, 287 Ga at 192. Moreover, by pleading guilty, Bussey "waived all defenses except that the indictment charged no crime." *Kemp v. Simpson*, 278 Ga. 439, 439-440 (603 SE2d 267) (2004). Accordingly, these appeals are hereby DISMISSED.



*Court of Appeals of the State of Georgia*
     *Clerk's Office, Atlanta,* __07/11/2017__
     *I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*
     *Witness my signature and the seal of said court hereto affixed the day and year last above written.*



_____ *, Clerk.*