303 Ga. 102
FINAL COPY

S17A1468.  MALVERTY v. THE STATE.

HUNSTEIN, Justice.

Brian P. Malverty appeals the denial of his motion for an out-of-time appeal; for the reasons set forth below, we affirm.

In September 1985, a Fulton County Grand Jury returned an indictment charging Malverty with murder, felony murder, and related offenses in connection with the deaths of Charles E. West and Rickey L. Sims.  In December 1986, Malverty pled guilty to two counts of felony murder and was sentenced to concurrent life terms.  In January 2016, Malverty filed a motion for an out-of-time appeal of his guilty plea, but the motion was denied; Malverty filed a timely notice of appeal to this Court.

1.  Malverty first asserts that he is entitled to an out-of-time appeal because, he says, the September 1985 indictment is defective.  This argument is without merit.

"'When a defendant pleads guilty and then seeks an out-of-time appeal from that plea, he must make the threshold showing that he would have been entitled to file a timely direct appeal from the plea[.]'" (Citations omitted.) Moore v. State, 285 Ga. 855, 856 (684 SE2d 605) (2009). A defendant is entitled to such an appeal only "if the issue on appeal can be resolved by reference to facts on the record." Grantham v. State, 267 Ga. 635, 635 (481 SE2d 219) (1997). "'The ability to decide the appeal based on the existing record thus becomes the deciding factor in determining the availability of an out-of-time appeal when the defendant has pled guilty.'" (Citation omitted.) Stephens v. State, 291 Ga. 837, 838 (733 SE2d 266) (2012). "If the issues that a defendant raises in a motion for out-of-time appeal can be resolved against him based upon the existing record, there is no error in denying the motion." Marion v. State, 287 Ga. 134, 134 (695 SE2d 199) (2010).

According to Malverty, his indictment was defective in five different ways. Four of those allegations — namely that the indictment fails to display the term in which the indictment was returned, fails to display the name of the individual who received the true bill, fails to display the date on which the indictment was received in open court, and fails to show the correct "clerk's

2

number" — were waived by Malverty when he pled guilty. See Smith v. Hardrick, 266 Ga. 54, 56 (464 SE2d 198) (1995) (recognizing the well-established principle that "'(a) plea of guilty . . . waives all defenses other than that the indictment charges no crime'" (Citations and emphasis omitted.)). Malverty's remaining argument — that the indictment fails to include language charging him as a party to a crime — is without merit. "The State is not required to indicate in the indictment that it is charging a person as a party to the crime." Glenn v. State, 278 Ga. 291, 294, n. 4 (602 SE2d 577) (2004). See also Brinson v. State, 261 Ga. 884 (1) (413 SE2d 443) (1992). Accordingly, Malverty's "challenge to the indictment can be resolved against him on the existing record, and he is not entitled to a direct appeal on the issue." Marion, 287 Ga. at 135.

2. Since 1989, Malverty has filed numerous motions in the Fulton County Superior Court seeking the state-funded production of documents, records, and transcripts relating to his December 1986 guilty-plea conviction. In April 1998, the trial court entered an order denying the various motions. Undeterred, Malverty has continued to file similar motions and, in this appeal, claims that the trial court has violated OCGA § 15-6-21 by failing to rule on his

3

motions.  Pretermitting whether such a claim may be properly raised or considered in the context of this appeal, the only judicial remedy for the violation of this statute is mandamus.  See <u>Brooks v. State</u>, 265 Ga. 548, 549 (458 SE2d 349) (1995).  Accordingly, Malverty is not entitled to relief on this claim.

<u>Judgment affirmed.  All the Justices concur.</u>

Decided February 19, 2018.

Murder. Fulton Superior Court. Before Judge Shoob.

Brian P. Malverty, <u>pro se</u>.

<u>Paul L. Howard, Jr., District Attorney, Lyndsey H. Rudder, Michael V. Snow, Assistant District Attorneys; Christopher M. Carr, Attorney General, Patricia B. Attaway Burton, Deputy Attorney General, Paula K. Smith, Senior Assistant Attorney General</u>, for appellee.