Hunstein, Justice.
Brian P. Malverty appeals the denial of his motion for an out-of-time appeal; for the reasons set forth below, we affirm.
In December 1985, a Fulton County Grand Jury returned an indictment charging Malverty with murder, felony murder, and related offenses in connection with the deaths of Charles E. West and Rickey L. Sims. In December 1986, Malverty pled guilty to two counts of felony murder and was sentenced to concurrent life terms. In
January 2016, Malverty filed a motion for an out-of-time appeal of his guilty plea, but the motion was denied; Malverty filed a timely notice of appeal to this Court.
1. Malverty first asserts that he is entitled to an out-of-time appeal because, he says, the September 1985 indictment is defective. This argument is without merit.
" 'When a defendant pleads guilty and then seeks an out-of-time appeal from that plea, he must make the threshold showing that he would have been entitled to file a timely direct appeal from the plea[.]' " (Citations omitted.) Moore v. State, 285 Ga. 855, 856, 684 S.E.2d 605 (2009). A defendant is entitled to such an appeal only "if the issue on appeal can be resolved by reference to facts on the record." Grantham v. State, 267 Ga. 635, 635, 481 S.E.2d 219 (1997). " 'The ability to decide the appeal based on the existing record thus becomes the deciding factor in determining the availability of an out-of-time appeal when the defendant has pled guilty.' " (Citation omitted.) Stephens v. State, 291 Ga. 837, 838, 733 S.E.2d 266 (2012). "If the issues that a defendant raises in a motion for out-of-time appeal can be resolved against him based upon the existing record, there is no error in denying the motion." Marion v. State, 287 Ga. 134, 134, 695 S.E.2d 199 (2010).
*543 According to Malverty, his indictment was defective in five different ways. Four of those allegations-namely that the indictment fails to display the term in which the indictment was returned, fails to display the name of the individual who received the true bill, fails to display the date on which the indictment was received in open court, and fails to show the correct "clerk's number"-were waived by Malverty when he pled guilty. See Smith v. Hardrick, 266 Ga. 54, 56, 464 S.E.2d 198 (1995) (recognizing the well-established principle that " '[a] plea of guilty ... waives all defenses other than that the indictment charges no crime' " (Citations and emphasis omitted.)). Malverty's remaining argument-that the indictment fails to include language charging him as a party to a crime-is without merit. "The State is not required to indicate in the indictment that it is charging a person as a party to the crime." Glenn v. State, 278 Ga. 291, 294, n. 4, 602 S.E.2d 577 (2004). See also Brinson v. State, 261 Ga. 884 (1), 413 S.E.2d 443 (1992). Accordingly, Malverty's "challenge to the indictment can be resolved against him on the existing record, and he is not entitled to a direct appeal on the issue." Marion, 287 Ga. at 135, 695 S.E.2d 199.
2. Since 1989, Malverty has filed numerous motions in the Fulton County Superior Court seeking the state-funded production of documents, records, and transcripts relating to his December 1986 guilty-plea conviction. In April 1998, the trial court entered an order denying the various motions. Undeterred, Malverty has continued to file similar motions and, in this appeal, claims that the trial court has violated OCGA § 15-6-21 by failing to rule on his motions. Pretermitting whether such a claim may be properly raised or considered in the context of this appeal, the only judicial remedy for the violation of this statute is mandamus. See Brooks v. State, 265 Ga. 548, 549, 458 S.E.2d 349 (1995). Accordingly, Malverty is not entitled to relief on this claim.
Judgment affirmed.
All the Justices concur.