303 Ga. 504
FINAL COPY

S18A0272.  SNELSON v. THE STATE.

HUNSTEIN, Justice.

Xavier Keith Snelson, Jr., appeals the denial of his motion for an out-of-time direct appeal; finding no error, we affirm.

In October 2005, a Cobb County grand jury indicted Snelson for the July 5, 2005 murder, felony murder and aggravated assault of Natilya Smith.  In May 2006, Snelson pled guilty to the counts as alleged in his indictment.  He was sentenced to life in prison for malice murder; the remaining counts were either merged into the malice murder or vacated by operation of law.  See Malcolm v. State, 263 Ga. 369 (4) (434 SE2d 479) (1993).

In October 2009, Snelson filed a pro se motion which, though titled a motion to vacate sentence, was substantively a motion to withdraw his 2006 guilty plea.  In that motion, Snelson claimed that he should be allowed to withdraw his guilty plea because both the trial court and his guilty plea counsel failed to inform him of his right to withdraw his guilty plea, frustrating his right

to appeal. The trial court denied the motion on November 17, 2009, finding that Snelson was "neither entitled to withdraw his guilty plea as a matter of right, nor [to] the right to a direct appeal." Snelson did not appeal this order.

On October 28, 2016, Snelson filed a pro se motion for an out-of-time appeal of his 2006 guilty plea.[1] The trial court denied the motion on April 17, 2017, and Snelson filed a timely notice of appeal to this Court. On appeal, Snelson enumerates numerous grounds of error; however, these claims are either not preserved for appellate review or do not provide grounds for relief.

After only raising a general claim of ineffective assistance in his 2016 motion for an out-of-time direct appeal, Snelson now raises numerous, specific grounds of ineffective assistance of guilty plea counsel, as well as new claims

---

[1] In his 2016 motion, Snelson asserted the following errors in the trial court: his Fourth Amendment rights were violated because the affidavit in support of the search warrant failed to show probable cause; his due process rights under the Fifth and Fourteenth Amendments were violated because the State failed to enter into the record an indictment perfect in form and substance; his attorney, before and during the proceedings, failed to protect his right to competent, conflict-free counsel; his guilty plea was obtained in violation of clearly established state and federal law; his right to appeal was frustrated due to ineffective assistance of counsel; no legal basis existed for the charge of felony murder; and, the indictment was void because it did not allege an exact offense date and failed to charge the offenses of voluntary or involuntary manslaughter as lesser included offenses of felony murder.

of trial court error and prosecutorial misconduct.[2]  Because these new claims were not raised in or ruled upon by the trial court, they are not preserved for review on appeal.  See McClendon v. State, 299 Ga. 611, 616 (791 SE2d 69) (2016) ("Because [appellant] raise[d] an issue on appeal that was not presented or ruled upon by the trial court, his argument is not preserved for review by this Court.").

Furthermore, though Snelson argued below that both his guilty plea counsel and the trial court failed to inform him of his right to withdraw his

---

[2] The new claims of ineffective assistance of counsel are as follows: failure to object to the sentencing judge's failure to properly inform Snelson of his rights pursuant to Boykin v. Alabama, 395 U. S. 238 (89 SCt 1709, 23 LE2d 274) (1969); failure to recognize an error in his indictment which was not perfect in form or substance; failure to recognize, object to, or file a demurrer to the flawed indictment; creating a "substantive error" by raising issues regarding Snelson's inadmissible drug arrest and use; failure to preserve Snelson's defense; using coercive tactics to make Snelson take a plea deal; providing improper information regarding his parole eligibility; failure to object to the sentencing court's failure to consider passion in order to have the felony murder reduced to voluntary manslaughter; and failure to recognize or know that the State is not free to create a non-statutory crime.

Snelson enumerates the following new claims of trial court error: the judge failed to properly inform him of his Boykin rights; the judge failed to recognize that the indictment failed to charge him with the essential elements of murder; the judge failed to recognize that the State is not free to create a non-statutory crime; and the judge failed to consider passion so as to reduce felony murder to voluntary manslaughter.  Finally, he raises one new claim of prosecutorial misconduct, wherein he contends that the prosecutor created and charged him with non-statutory offenses.

guilty plea, frustrating his right to appeal, these claims were denied by the trial court in 2009 and were not appealed; accordingly, res judicata precludes review of these enumerations. Beasley v. State, 298 Ga. 49, 51 (779 SE2d 301) (2015). While the trial court did not cite res judicata in its 2017 order denying Snelson's motion for an out-of-time appeal, "as the matters [Snelson] raised in that motion were precluded by that doctrine, the trial court did not err in denying the motion, and we affirm its judgment under the 'right for any reason' rule." Id.

Turning to the claims that are arguably preserved for review by this Court — general claims that Snelson was denied his Sixth Amendment right to competent and conflict-free counsel — as we recently explained in Malverty v. State, 303 Ga. 102 (810 SE2d 541) (2018):

> "'When a defendant pleads guilty and then seeks an out-of-time appeal from that plea, he must make the threshold showing that he would have been entitled to file a timely direct appeal from the plea[.]'" (Citations omitted.) Moore v. State, 285 Ga. 855, 856 (684 SE2d 605) (2009). A defendant is entitled to such an appeal only "if the issue on appeal can be resolved by reference to facts on the record." Grantham v. State, 267 Ga. 635, 635 (481 SE2d 219) (1997). "'The ability to decide the appeal based on the existing record thus becomes the deciding factor in determining the availability of an out-of-time appeal when the defendant has pled guilty.'" (Citations omitted.) Stephens v. State, 291 Ga. 837, 838 (733 SE2d 266) (2012). "If the issues that a defendant raises in a motion for out-of-time appeal can be resolved against him based

4

upon the existing record, there is no error in denying the motion."
Marion v. State, 287 Ga. 134, 134 (695 SE2d 199) (2010).

Id. at 103 (1). We agree with the trial court that Snelson has failed to show that he would have been entitled to file a timely direct appeal because his general claims that he was denied his right to competent and conflict-free counsel cannot be resolved on the existing record. Id. Accordingly, Snelson is not entitled to relief.

Judgment affirmed. All the Justices concur.

Decided April 16, 2018.

Murder. Cobb Superior Court. Before Judge Poole.

Xavier K. Snelson, Jr., <u>pro se</u>.

<u>D. Victor Reynolds, District Attorney, Michael S. Carlson, Assistant District Attorney; Christopher M. Carr, Attorney General, Patricia B. Attaway Burton, Deputy Attorney General, Paula K. Smith, Senior Assistant Attorney General, Clint C. Malcolm, Assistant Attorney General</u>, for appellee.