# Court of Appeals
# of the State of Georgia

ATLANTA,  January 17, 2019

*The Court of Appeals hereby passes the following order:*

**A19A0794. KENNETH EARL BISHOP v. THE STATE.**

In 2016, Kenneth Earl Bishop pled guilty to burglary and three counts of theft by taking. He was sentenced to a total of 40 years with the first 20 to be served in confinement and the remainder on probation. On April 9, 2018, he filed a motion to correct a void sentence, arguing that two of the theft by taking counts failed to allege that the property taken had a value of at least $1,500, thus his sentences for these two counts are void. We lack jurisdiction.

Under OCGA § 17-10-1 (f), a court may modify a sentence during the year after its imposition or within 120 days after remittitur following a direct appeal, whichever is later. *Frazier v. State*, 302 Ga. App. 346, 347-348 (691 SE2d 247) (2010); *Burg v. State*, 297 Ga. App. 118, 118 (676 SE2d 465) (2009). Once this statutory period expires, as here, a trial court may modify a sentence only if it is void. *Jones v. State*, 278 Ga. 669, 670 (604 SE2d 483) (2004). And a sentence is void only when the trial court imposes punishment that the law does not allow. *Jordan v. State*, 253 Ga. App. 510, 511 (1) (559 SE2d 528) (2002). "Motions to vacate a void sentence generally are limited to claims that – even assuming the existence and validity of the conviction for which the sentence was imposed – the law does not authorize that sentence, most typically because it exceeds the most severe punishment for which the applicable penal statute provides." *von Thomas v. State*, 293 Ga. 569, 572 (2) (748 SE2d 446) (2013).

Here, Bishop argues that count 3 failed to allege the value of the property taken and count 4 failed to allege that property taken had a value of at least $1,500 as required by OCGA § 16-8-12 (a) (1) (c) to sustain a ten year sentence. However,

Bishop has failed to raise a colorable claim that his sentence is void because the Code Section in effect when the crimes were committed only required the value of the property taken to exceed $500.00 to sustain a ten year sentence, and the theft of a firearm (as alleged in count 3) also was subject to imprisonment for not less than one nor more than ten years. See OCGA § 16-8-12 (2011); *Searcy v. State*, 162 Ga. App. 695, 698 (2) (291 SE2d 557) (1982) (this Court applies the sentencing law in effect at the time the crime was committed). Moreover, the indictment charged Bishop with stealing property valued at $500 or more and stealing a firearm, and, by pleading guilty, Bishop admitted those allegations. See *Kemp v. Simpson*, 278 Ga. 439, 439-440 (603 SE2d 267) (2004) (By pleading guilty, a defendant "waived all defenses except that the indictment charged no crime.").

Under these circumstances, Bishop has not raised a valid void-sentence claim. Accordingly, this appeal is hereby DISMISSED.



*Court of Appeals of the State of Georgia*

*Clerk's Office, Atlanta,* <u>01/17/2019</u>

*I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*

*Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____ *, Clerk.*