# Court of Appeals
# of the State of Georgia

ATLANTA,  March 29, 2021

*The Court of Appeals hereby passes the following order:*

## A21A1232. YOHANNES WARNER v. THE STATE.

In March 1999, Yohannes Warner pled guilty to violating the Georgia Controlled Substances Act by possessing marijuana within 1,000 feet of school property and giving a false name to a law enforcement officer, and he was sentenced as a first offender to four years of probation. In 2020, Warner filed a motion to vacate a void sentence, arguing that he had not been properly charged under OCGA § 16-13-32.4; thus, he could only be found guilty of misdemeanor possession of marijuana. The trial court dismissed the motion, and Warner appeals.

A direct appeal may lie from an order denying or dismissing a motion to correct a void sentence if the defendant raises a colorable claim that the sentence is, in fact, void or illegal. See *Harper v. State*, 286 Ga. 216, 217 (1) n.1 (686 SE2d 786) (2009);*Burg v. State*, 297 Ga. App. 118, 119 (676 SE2d 465) (2009). A sentence is void only if it imposes punishment that the law does not allow. *von Thomas v. State*, 293 Ga. 569, 571 (748 SE2d 446) (2013). Furthermore, because Warner entered a guilty plea, he has "waived all defenses except that the indictment charged no crime." *Kemp v. Simpson*, 278 Ga. 439, 439-440 (603 SE2d 267) (2004).

Warner concedes that the State intended to indict him under OCGA § 16-13-32.4, which prohibits the possession of marijuana with intent to distribute within 1,000 feet of a school. The indictment was flawed, however, in that it omitted the language "with intent to distribute." According to Warner, the omission of this language from the indictment rendered his sentence void. Such a challenge to an indictment, however, does not constitute a colorable void sentence claim. See *Jones v. State*, 290 Ga. App. 490, 493 (1) (659 SE2d 875) (2008) (a challenge to an

indictment should be raised through a timely motion in arrest of judgment rather than a void sentence claim). Rather, a challenge to an indictment is a challenge to the conviction. See id. at 494 (2). And the Supreme Court has made clear that a motion seeking to challenge an allegedly invalid or void judgment of conviction "is not one of the established procedures for challenging the validity of a judgment in a criminal case" and that an appeal from the denial of such a motion is subject to dismissal. *Roberts v. State*, 286 Ga. 532, 532 (690 SE2d 150) (2010). Because Warner has not raised a colorable void sentence claim, this appeal is hereby DISMISSED.



*Court of Appeals of the State of Georgia*
*Clerk's Office, Atlanta,   03/29/2021          *

*I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*

*Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____ , *Clerk.*